**TRANE US, INC., Appellant**

v.

**Jacob SUBLETT and Thomas Morton, Appellees**

**No. 07-16-00286-CV**

Court of Appeals of Texas, Amarillo.

September 30, 2016

---

Penny Nicholson, Marc S. Tabolsky, for Jacob Sublett.

Allyson Johnson, Dan Hartsfield, for Trane US, Inc.

Andrew R. Seger, for Thomas Morton and Jacob Sublett.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

## OPINION

Per Curiam

Before the court are appellees Jacob Sublett and Thomas Morton's motion to dismiss the appeal for lack of subject-matter jurisdiction and appellant Trane US, Inc.'s, response and motion to abate the appeal. Sublett and Morton also filed a reply to Trane's response and a response to Trane's motion to abate. We find the trial court order Trane challenges is not appealable. And we will not abate the appeal, but will dismiss it.

## Background

Trane sued its former employees, Sublett and Morton, alleging various claims in contract and tort. Sublett and Morton moved to dismiss the suit under the Texas Citizens Participation Act (TCPA), arguing the lawsuit unlawfully impinged the exercise of their right of free speech, right to petition, or right of association.[1] The trial court signed an order that both granted the motion to dismiss and directed counsel for Sublett and Morton to submit a request for attorney's fees and sanctions under the TCPA's section 27.009(a). Sublett and Morton's request for attorney's fees and sanctions was filed and Trane responded in opposition. These issues remain pending in the trial court.[2] Meanwhile, Trane filed a notice of appeal and its appellate brief.

In this court, Sublett and Morton have moved to dismiss Trane's appeal, contending the trial court's dismissal order is not a final disposition of the case and no statute grants an interlocutory appeal of an order granting a motion to dismiss under the TCPA. As noted, Trane opposes that relief, and alternatively asks that we abate the appeal until the trial court disposes of the remaining issues.

## Analysis

Section 27.003(a) of the TCPA provides: "If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." Tex. Civ. Prac. & Rem. Code Ann. § 27.003 (West 2015). If a court dismisses a case under the TCPA, it shall award the moving party:

(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a) (West 2015).

 "Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex.2011) (citing *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001) and *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex.

---

1. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011 (West 2015).

2. Trane states in its motion to abate that a hearing on Sublett and Morton's request for

attorney's fees and sanctions is scheduled for hearing by the trial court on October 14, 2016.

1992)). Statutes permitting interlocutory appeals are strictly applied because they present a narrow exception to the general rule that interlocutory orders are not immediately appealable. *Id.* at 447–48 (citing *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 841 (Tex.2007) and *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001)); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)–(13) (West Supp. 2016).

Section 51.014(a)(12) of the Civil Practice and Remedies Code authorizes the interlocutory appeal of an order that denies a motion to dismiss under the TCPA. The statute contains no corresponding authorization for the immediate appeal of an order granting a motion to dismiss. *Roll–N–Rock, Inc. v. Patison,* No. 05–15–00164–CV, 2015 WL 5098520, at *1-2, 2015 Tex. App. LEXIS 9279 at *2–3 (Tex.App.—Dallas 2015, no pet.) (mem. op.). Interlocutory appeal of the trial court's order granting Sublett and Morton's motion to dismiss is therefore not available. *See Fleming & Assocs., L.L.P. v. Kirklin,* 479 S.W.3d 458, 460–61 (Tex.App.—Houston [14th Dist.] 2015, pet. denied) (finding orders granting motions to dismiss which also provided that attorney's fees and sanctions would "be considered at a later date" were interlocutory and not appealable); *Horton v. Martin,* No. 05–15–00015–CV, 2015 WL 3657901, 2015 Tex.App. LEXIS 6003 (Tex. App.—Dallas June 15, 2015, no pet.) (mem. op.) (court lacked jurisdiction over attempted interlocutory appeal of dismissal order under § 27.003).

▮▮▮ Trane argues it is entitled to immediately appeal the dismissal order under TCPA section 27.008(b). In part relevant to the present issue, that section provides, "An appellate court shall expedite an appeal ... whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b) (West 2015). Our primary objective when construing a statute is to give effect to the intent of the Legislature, "which, when possible, we discern from the plain meaning of the words chosen." *State v. Shumake,* 199 S.W.3d 279, 284 (Tex. 2006). Provided a statute is unambiguous, we adopt the interpretation its plain language supports unless that interpretation would lead to absurd results. *TGS–NO–PEC Geophysical Co. v. Combs,* 340 S.W.3d 432, 439 (Tex.2011). We do not construe section 27.008(b) in isolation or without regard for section 51.014(a)(12). *See Schlumberger Ltd. v. Rutherford,* 472 S.W.3d 881, 887 (Tex.App.—Houston [1st Dist.] 2015, no pet.). In light of section 51.014(a)(12), section 27.008(b) cannot be read to authorize an interlocutory appeal by either party of an order granting dismissal under section 27.003. *Schlumberger,* 472 S.W.3d at 887 (stating that § 27.008(b) "does not expressly confer a right to interlocutory appeal"). Rather, we find section 27.008(b) requires a court of appeals to expedite[3] the appeal of an order under section 27.003, whether it is from the denial of a motion to dismiss immediately appealable under section 51.014(a)(12),[4] or from a final judgment resulting from the grant of a motion to dismiss.

Trane further argues that based on the court's interpretation of Civil Practice and

---

**3.** An appeal required by statute to be "expedited" is an accelerated appeal for appellate purposes. Tex. R. App. P. 28.1(a).

**4.** As well as by a trial court's express denial, a motion to dismiss is denied by operation of law if not ruled on by the thirtieth day following the hearing. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(a); 27.008(a) (West 2015).

Remedies Code section 27.008 in *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14–12–00896–CV, 2013 WL 407029, 2013 Tex.App. LEXIS 1898 (Tex.App.—Houston [14th Dist.] Jan. 24, 2013, order), an interlocutory appeal is available. *Beacon Hill* was decided before the enactment of Civil Practice and Remedies Code section 51.014(a)(12).[5] We will not be guided in this case by its statutory analysis. Since the enactment of section 51.014(a)(12), the Fourteenth Court of Appeals, like other Texas courts, has determined that "[n]o statutory authority exists ... for an interlocutory appeal from the grant of a motion to dismiss under section 27.003 of the TCPA." *Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 70 (Tex.App.—Houston [14th Dist.] 2015, pet. denied).

██ Because no statute authorizes its interlocutory appeal, Trane can appeal the order only if it constitutes a final judgment. "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record ...." *Lehmann*, 39 S.W.3d at 195. Here the order of dismissal expressly leaves for future disposition the statutorily-required award of attorney's fees and sanctions. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a). It is not a final judgment. We therefore lack jurisdiction over Trane's attempted appeal.

██ In its response to the motion to dismiss and by a separate motion, Trane argues that if we conclude it is not entitled to an immediate appeal of the dismissal order, we should abate the appeal awaiting the trial court's disposition of the pending issues of attorney's fees and sanctions. Appellate Rule 27.2 provides that an appellate court may "allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." TEX. R. APP. P. 27.2. The appellate rules further provide an appellate court may not dismiss an appeal "for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." TEX. R. APP. P. 44.3; *see Pena v. State*, 07–10–0503–CV, 2011 WL 780468, at *2–3, 2011 Tex.App. LEXIS 1635, at *7 (Tex.App.—Amarillo Mar. 3, 2011, per curiam order) (abating appeal for ninety days so that appellant might obtain appealable order from trial court).

Consideration of the tasks remaining to be accomplished in the trial court convinces us that abatement of this appeal is inappropriate. The clerk's record indicates Sublett and Morton are represented in the trial court by counsel appearing pro bono. Under section 27.009(a) they seek a monetary sanction of $11,070 which, according to a motion and affidavit, is the sum of doubling the amount of attorney's fees they would have been charged had they been obligated to pay for that representation. The record further indicates Sublett and Morton have retained appellate counsel and seek a conditional award of appellate attorney's fees. Trane has filed a written response opposing the requested relief.

The trial court's disposition of the matters required under section 27.009(a) is not a ministerial or perfunctory act, nor does it call on the trial court to correct mere "formal defects or irregularities in appellate procedure." Rather the issues are contested and the parties may adduce evidence. The court's disposition may be challenged on appeal by either or both sides. Given what remains to be resolved by the trial court before rendition of a

5. *See* Act of May 24, 2013, 83rd Leg., R.S, ch. 1042, §§ 4 & 6, 2013 Tex. Gen. Laws, 2499, 2500 (codified at TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12)).

final judgment, we decline to abate the appeal. *See Garcia v. Comm'rs Court of Cameron Cnty.*, 101 S.W.3d 778, 786 (Tex. App.—Corpus Christi 2003, no pet.) (holding appellate rules 27.2, 44.3, or 44.4(a) do not confer authority on appellate court to abate an appeal while there are "significant issues yet to be determined by the trial court").

Because our appellate jurisdiction has not been invoked, we sustain Sublett and Morton's motion to dismiss. For the reasons discussed, we overrule Trane's motion to abate. The appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 44.3(a).