# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00750-CV

Madeleine Connor, Appellant

v.

Marc Stephenson, Claude Smith, Douglas Hooks, and Megan Marrs, Appellees[1]

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-18-006079, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal, arising out of a homeowners' association dispute, appellant Madeleine Connor filed her notice of appeal on November 8, 2018, seeking to appeal from various orders signed by the trial court that dismissed her claims against appellees Marc Stephenson, Claude Smith, Douglas Hooks, and Megan Marrs. Because Connor's notice of appeal was filed too late, as we will explain below, we have no choice but to dismiss the appeal for want of jurisdiction.

Connor sued appellees and numerous other parties, asserting claims for defamation, libel, and intentional infliction of emotional distress. Her lawsuit was docketed under trial court cause number D-1-GN-16-005883. In May and October 2017, the trial court signed separate orders

---

[1] Connor did not actually list Douglas Hooks as an appellee in her notice of appeal, but she has included him as an appellee in her other filings. Because we are dismissing the appeal for want of jurisdiction, we will include him as an appellee without any discussion of whether can be considered a party to this appeal. Connor also named Charles "Chuck" McCormick as an appellee, but because, as explained below, the trial court signed a severance order, he was not a party to the underlying case and is not a proper appellee in this cause.

dismissing Connor's claims against appellees pursuant to the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.007-.011. Because Connor's claims against various other defendants were still pending, those orders were interlocutory and not appealable. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 787 (Tex. App.—Amarillo 2016, no pet.).

On September 25, 2018, the trial court signed an order severing Connor's claims against appellees into new trial court cause number D-1-GN-18-006079. Connor's claims against Charles "Chuck" McCormick and various other defendants remained in the original cause number. Thus, despite Connor naming McCormick as an appellee in this cause, the claims against him were not part of the severed action, and he is not a proper party to this appeal.

Upon the signing of that severance order, the interlocutory orders dismissing Connor's claims against appellees became final. *See, e.g.*, *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam) ("As a rule, the severance of an interlocutory judgment into a separate cause makes it final."); *Arlitt v. Ebeling*, No. 03-18-00646-CV, 2018 WL 6496714, at *3 (Tex. App.—Austin Dec. 11, 2018, no pet. h.) (mem. op.) ("the orders that Arlitt has attempted to appeal in this case were final on April 4, 2018, when the trial court signed the severance orders"). Although both Connor and appellees have since filed responses in this Court asserting that Connor's filing of a seventh amended petition[2] on November 8, 2018, had the effect making the dismissal orders "no longer final," we disagree. The severance order was signed on September 25, 2018, and the trial court's plenary power expired thirty

---

[2] Connor's seventh amended petition, filed in the severed cause number, names appellees as defendants but then also names as defendants parties who she had already sued in the original cause—McCormick and "Jane/John Does 1-14"—as well as Nextdoor.com Inc., a new defendant.

days later, on October 25. *See* Tex. R. Civ. P. 329b. Thus, Connor's petition, filed after the trial court's plenary power had expired, was of no effect and did not somehow operate to "unfinalize" the dismissals, which became final when the severance order was signed. *See Offord v. West Hous. Trees, Ltd.*, No. 14-16-00532-CV, 2018 WL 1866044, at \*2 & n.3 (Tex. App.—Houston [14th Dist.] Apr. 19, 2018, no pet.) (mem. op.) ("Because appellants did not file a notice of appeal or a motion extending the trial court's plenary power, the January 11, 2016 severance order made the sanctions award final, . . . the trial court's plenary power expired thirty days later," and petition filed after that date "had no effect because it was filed after the trial court's plenary power expired."). Thus, the time to file a notice of appeal began running on the date the severance order was signed.

"An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action" under the TCPA. Tex. Civ. Prac. & Rem. Code § 27.008(a). Any appeal "required by statute to be accelerated or expedited" is considered an "accelerated appeal." Tex. R. App. P. 28.1(a). "[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed." *Id.* R. 26.1(b); *see also id.* R. 28.1(b) ("[A]n accelerated appeal is perfected by filing a notice of appeal . . . within the time allowed by Rule 26.1(b) or as extended by Rule 26.3.").

Connor's deadline to file her notice of appeal was October 15, 2018, twenty days after the signing of the severance order on September 25. *See id.* R. 26.1(b). The very latest this Court could extend the deadline was October 30, fifteen days later. *See id.* R. 26.3. Connor's notice of appeal, filed more than a week later, was untimely, and we therefore may not exercise jurisdiction over the appeal. We dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

3

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed:   December 28, 2018

4