**Dismissed and Memorandum Opinion filed February 14, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00984-CV

## SEEKRA REALTY, LLC, Appellant

## V.

## GARNER PAVING & CONSTRUCTION, LTD., Appellee

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 97598-CV**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order signed October 22, 2018. On January 25, 2019, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before February 4, 2019. *See* Tex. R. App. P. 42.3(a). No response was filed. Because this court lacks jurisdiction to hear an interlocutory appeal of an order granting a motion to dismiss under section 27.003

of the Texas Civil Practice and Remedies Code (TCPA), we dismiss the appeal. *See* Tex. Civ. Prac. Rem. Code § 51.014(a)(12); *Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.); *Fleming & Assocs. v. Kirklin*, 479 S.W.3d 458, 460–61 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

## I.  Background

Appellants prevailed on their motion to dismiss appellee's counterclaims under the TCPA, but the trial court struck the portion of the order awarding attorney's fees and sanctions. Appellant is appealing the trial court's denial of his attorney's fees under the TCPA. The underlying case is still on-going, as appellant's original claims are still contested, as well as appellee's remaining counterclaims.

## II.  Law and Analysis

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). We strictly construe statutes authorizing interlocutory appeals. *Young v. Villegas*, 231 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

The Civil Practice and Remedies Code provides for an interlocutory appeal of an order that "denies a motion to dismiss filed under section 27.003" of the TCPA. *See* Tex. Civ. Prac. Rem. Code § 51.014(a)(12). No statutory authority exists, however, for an interlocutory appeal from the *grant* of a motion to dismiss under the TCPA. *See Trane*, 501 S.W.3d at 786 (dismissing appeal from granting

of TCPA motion to dismiss for want of jurisdiction); *Fleming*, 479 S.W.3d at 460–61 (holding interlocutory order granting TCPA motion to dismiss was not appealable).

Appellant cites a case in his appellate brief out of the First Court of Appeals in his "statement of jurisdiction" for the contention that an appellate court may review the denial of an attorney's fees and sanctions award on interlocutory appeal. *See Gaskamp v. WSP USA, Inc.,* No. 01-18-00079-CV, 2018 WL 6695810, at *13 (Tex. App.—Houston [1st Dist.] Dec. 20, 2018, no pet.). In *Gaskamp*, the trial court *denied* the TCPA motion to dismiss. *Id*. Therefore, appellate jurisdiction was warranted under section 51.014(a)(12) of the Civil Practice and Remedy Code. *See* Tex. Civ. Prac. Rem. Code § 51.014(a)(12). In appellant's case, the trial court *granted* his TCPA motion to dismiss, but denied his request for attorney's fees. *Gaskamp* is not instructive on the jurisdictional issue at hand.

Because there is not a statutory exception warranting an interlocutory appeal of an order granting a TCPA motion to dismiss, the court lacks jurisdiction over the appeal. *Fleming*, 479 S.W.3d at 460–61; *Chang Ho Song v. Hoon Ku Lee*, No. 13-18-00267-CV, 2018 WL 6381251 at *2 (Tex. App.—Corpus Christi-Edinburg Dec. 6, 2018, no pet.) (mem. op.) (dismissing interlocutory appeal from order granting TCPA motion to dismiss); *Cavin v. Abbott*, No. 03-18-00073-CV, 2018 WL 2016284 at *4 (Tex. App.—Austin Apr. 30, 2018, pet. denied) (mem. op.) (dismissing interlocutory appeal from order granting TCPA motion to dismiss); *Pulliam v. City of Austin*, No. 03-17-00131-CV, 2017 WL 1404745 at *1 (Tex. App.—Austin Apr. 14, 2017, order) (per curiam). Appellant's complaint regarding attorney's fees may be brought up on appeal when this case is finally disposed.

Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.