**DISMISS and Opinion Filed February 25, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-01215-CV
_____

### KEISHA POPE-NIXON, Appellant
### V.
### JEANINE HOWARD AND ALVIN GREEN, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02907**

## MEMORANDUM OPINION
Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

At issue in this appeal is the trial court's order granting Jeanine Howard's anti-SLAPP motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005. Howard filed the motion after being sued by Keisha Pope-Nixon for defamation and intentional infliction of emotional distress. Pope-Nixon also sued Alvin Green.

In relevant part, the challenged order states as follows:

[T]he Court finds that the conduct of Plaintiff Keisha Pope-Nixon violates Chapter 27 of the Texas Civil Practice and Remedies Code. IT IS THEREFORE ORDERED that the Motion filed by Howard is in all things GRANTED and that this case is dismissed with prejudice in its entirety.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Texas Civil Practice and Remedies Code § 27.009(1), Howard is entitled to recover her attorney's fees, court costs, and other expenses in bringing her Motion to Dismiss and defending against these claims. Defendant is ordered to submit

evidence of her fees, court costs, and other expenses by affidavit within 14 days from the date of this Order.

Because the trial court's order left pending the damages issue and Green had not moved for dismissal, we questioned our jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may only be taken from judgment that disposes of all parties and claims); *Trane US Inc. v. Sublett*, 501 S.W.3d 783, 785, 786 (Tex. App.—Amarillo 2016, no pet.) (per curiam) (order granting chapter 27 motion to dismiss appealable if no pending claims or parties remain). In response, Pope-Nixon filed a letter brief agreeing the Court lacks jurisdiction. Howard also filed a letter brief, but argues the order is final. As to the claims against Green, she asserts the language dismissing "the case . . . . in its entirety" disposed of Green's claims even though he did not move for dismissal. *See Lehmann*, 39 S.W.3d 200 (order that includes language unequivocally disposing of all claims and parties is final even if record does not provide adequate basis for rendition of judgment). As to the damages issue, she notes section 27.005 of the anti-SLAPP statute requires a trial court to rule on a motion to dismiss within thirty days of the date of the hearing on the motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005. She further notes the trial court failed to rule on the request for fees within that time period.

Generally, an order that expressly adjudicates all parties and claims in a case is final and appealable. *See Lehmann*, 39 S.W.3d at 206. When, as here, however, the order on its face is ambiguous, it is not final unless the records supports finality. *See In re Elizondo*, 544 S.W.3d 824, 827-28 (Tex. 2018). The record before the Court does not do that.

To the extent Howard argues the damages issue was overruled by operation of law, section 27.005 does not require the trial court to completely resolve all matters raised in a motion to dismiss within thirty days of the dismissal hearing. It requires only that the trial court determine

whether the cause of action should be dismissed.  *See DeAngelis v. Protective Parents Coalition*, 556 S.W.3d 836, 859 (Tex. App.—Fort Worth 2018, no pet.).

Because the trial court's order does not dispose of all claims, we lack jurisdiction and dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE

181215F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KEISHA POPE-NIXON, Appellant

No. 05-18-01215-CV      V.

JEANINE HOWARD AND ALVIN
GREEN, Appellees

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-02907.
Opinion delivered by Chief Justice Burns,
Justices Molberg and Nowell participating.

     In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

     We **ORDER** appellees Jeanine Howard and Alvin Green recover their costs, if any, of this appeal from appellant Keisha Pope-Nixon.

Judgment entered February 25, 2019.