

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00186-CV
No. 07-19-00299-CV

TEXAS CUSTOM WINE WORKS, LLC, JETER WILMETH,
AND TONY RENTERIA, APPELLANTS

V.

STEVE TALCOTT, MIKE SIPOWICZ, ACAI WINE, LLC,
AND TALCOTT ENTERPRISES, INC., APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2019-534,744, Honorable Les Hatch, Presiding

August 22, 2019

## ORDER OF SEVERANCE AND DISMISSAL

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellants filed an interlocutory appeal from the trial court's partial denial of their motion to dismiss filed under the Texas Citizens Participation Act (TCPA), chapter 27 of the Civil Practice and Remedies Code. Appellees have filed a cross-appeal seeking to appeal the portions of the order granting the motion to dismiss. We dismiss the cross-appeal for want of jurisdiction.

This court generally has jurisdiction to hear an appeal only from a final judgment that disposes of all parties and claims in the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We do not have jurisdiction to review an interlocutory order unless specifically authorized by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam).

The Civil Practice and Remedies Code permits an interlocutory appeal from an order "that denies a motion to dismiss filed under Section 27.003 [of the TCPA]." TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(12) (West Supp. 2018), 27.003 (West 2015). However, there is no statute authorizing an appeal from an interlocutory order granting a motion to dismiss filed under the TCPA. *Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.) (per curiam). Thus, when a trial court partially grants and partially denies a motion to dismiss filed under the TCPA, an appellate court has no jurisdiction to review the portions of the interlocutory order granting the motion. *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 890-891 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

By letter of July 9, 2019, we directed appellees to show how we have jurisdiction over their cross-appeal. Appellees filed a response but failed to show that a final judgment had been signed by the trial court or provide any statutory authority permitting an interlocutory appeal from the portions of the trial court's order granting the motion to dismiss.

Accordingly, we conclude we are without jurisdiction to review appellees' cross-appeal. We sever the cross-appeal into cause number 07-19-00299-CV and dismiss for

2

want of jurisdiction. Tex. R. App. P. 42.3(a). Appellants' appeal shall remain in cause number 07-19-00186-CV.

It is so ordered.

Per Curiam