

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00316-CV

**ILHAM K. EL-SALEH AND**
**MOHAMED MOOTI,**

**Appellants**

 **v.**

**AHMAD ALDIRAWI,**

**Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 19-000601-CV-85**

## OPINION

Appellants Ilham K. El-Saleh and Mohamed Mooti appeal the trial court's order granting Appellee Ahmad Aldirawi's motion to dismiss the counterclaim filed by them under the Texas Citizens Participation Act ("TCPA"). Aldirawi files a motion to dismiss this appeal for lack of jurisdiction asserting that the order being appealed is a non-appealable interlocutory order. El-Saleh and Mooti have responded to the motion to dismiss. We grant Aldirawi's motion and dismiss this appeal for lack of jurisdiction.

Generally, Texas appellate courts possess jurisdiction only over final judgments. *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 886 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012)). The appellate courts have jurisdiction over an interlocutory appeal only when authorized by statute. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

Section 51.014(a)(12) of the Civil Practice and Remedies Code authorizes an interlocutory appeal from an order denying a motion to dismiss filed under Section 27.003 of the TCPA. TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(12) and 27.003. *See also Schlumberger*, 472 S.W.3d at 886. However, there is no statute authorizing an interlocutory appeal from an order *granting* a TCPA motion to dismiss. *Id.*; *see also Tex. Custom Wine Works, LLC v. Talcott*, No. 07-19-00186-CV, 2019 WL 3978580, at *1 (Tex. App.—Amarillo Aug. 22, 2019, no pet.) (*per curiam*) (order of severance and dismissal) ("[T]here is no statute authorizing an appeal from an interlocutory order granting a motion to dismiss filed under the TCPA."); *Seekra Realty, LLC v. Garner Paving & Constr., Ltd.*, No. 14-18-00984-CV, 2019 WL 613530, at *1 (Tex. App.—Houston [14th Dist.] Feb. 14, 2019, no pet.) (mem. op.) ("No statutory authority exists . . . for an interlocutory appeal from the *grant* of a motion to dismiss under the TCPA.") (emphasis in original).

Appellants argue that an interlocutory appeal is permissible under TCPA section 27.008(b).

> We disagree. That statute provides that "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section

27.005." TEX. CIV. PRAC. & REM. CODE § 27.008(b). It does not expressly confer a right to interlocutory appeal.

*Schlumberger*, 472 S.W.3d at 887.

As the *Schlumberger* court notes, prior to the enactment of Section 51.014(a)(12) in 2013, "the only statute explicitly providing for interlocutory appeals related to TCPA motions was Section 27.008(a) of the Civil Practice and Remedies Code, providing that the moving party could appeal when a TCPA motion to dismiss was denied by operation of law." *Id.* at 886. Section 51.014(a)(12) was evidently enacted to resolve a split in authority regarding "whether a party could also bring an interlocutory appeal from a trial court's order on such a motion." *Id.* at 886-87. Section 51.014(a)(12) now expressly permits an interlocutory appeal only from an order denying a motion to dismiss. *Id.* at 887. "By contrast, no statute expressly provides for interlocutory appeal of an order that grants such a motion." *Id.*

Appellants' argument regarding the statutory construction of the TCPA is not persuasive.

> Our primary objective when construing a statute is to give effect to the intent of the Legislature, "which, when possible, we discern from the plain meaning of the words chosen." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Provided a statute is unambiguous, we adopt the interpretation its plain language supports unless that interpretation would lead to absurd results. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We do not construe section 27.008(b) in isolation or without regard for section 51.014(a)(12). *See Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 887 (Tex. App.—Houston [1st Dist.] 2015, no pet.). In light of section 51.014(a)(12), section 27.008(b) cannot be read to authorize an interlocutory appeal by either party of an order granting dismissal under section 27.003. *Schlumberger*, 472 S.W.3d at 887 (stating that § 27.008(b) "does not expressly confer a right to interlocutory appeal"). Rather, we find section 27.008(b) requires a court of appeals to expedite the appeal of an order under section

27.003, whether it is from the denial of a motion to dismiss immediately appealable under section 51.014(a)(12), or from a final judgment resulting from the grant of a motion to dismiss.

*Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.) (footnotes omitted).

Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Dismissed
Opinion delivered and filed January 15, 2020
[CV06]

