

# NUMBER 13-20-00557-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DENNIS LOTHAR DAENEKAS,                               Appellant,

**v.**

MELONY THORPE,                                         Appellee.

## On appeal from the 152nd District Court
## of Harris County, Texas.

# ORDER

## Before Chief Justice Contreras and Justices Benavides and Silva
## Order Per Curiam

After reviewing the clerk's record, the Court questions its jurisdiction over this accelerated appeal[1] from the trial court's order granting defendant's motion to dismiss under the Texas Citizens' Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE

---

[1] Appellant's amended docketing statement filed on February 3, 2021, indicates that this case is an accelerated appeal.

ANN. § 27.003. Specifically, the Court questions whether the trial court's order, which dismisses appellant's petition in its entirety but left pending the issue of appellee's attorney's fees, is appealable. *See* TEX. R. APP. P. 28.1(a); TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.009(a), 51.014(a)(12).

Absent a statutory exception, an appeal may only be taken from a final judgment that disposes of all parties and claims. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). While Texas Civil Practice and Remedies Code section 51.014(a) allows a party to appeal from an interlocutory order denying a motion to dismiss under the TCPA, it does not allow an appeal from an interlocutory order granting the motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. 51.014(a)(12); *Fleming & Associates, L.L.P. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (per curiam) ("[T]he courts of appeals do not have jurisdiction over an interlocutory appeal from an order granting a motion to dismiss under chapter 27 of the Texas Civil Practice and Remedies Code."); *see also Verde Energy Sols. LLC v. SGET Duval Oil I LLC*, No. 13-19-00163-CV, 2020 WL 6601611, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2020, no pet.) (mem. op.) ("Here, the trial court *granted* appellees' motion to dismiss Verde's lawsuit under the TCPA. Because this order does not arise from a *denial* of a motion to dismiss under section 27.003, when we strictly construe the statute as we must, we agree with the appellees that we have no jurisdiction over the appeal of this order.").

Moreover, the appealed order here expressly omitted the issuance of statutorily-

2

required attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN § 27.009(a) (requiring that a trial court award "the moving party court costs and reasonable attorney's fees incurred in defending against the legal action" if it orders a dismissal under this chapter); *Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 787 (Tex. App.—Amarillo 2016, no pet.) (concluding an order granting a Chapter 27 dismissal was not a final judgment because the order "expressly leaves for future disposition the statutorily-required award of attorney's fees and sanctions"); *see also Nguyen v. Pham*, No. 14-19-00540-CV, 2019 WL 3788656, at *1 (Tex. App.—Houston [14th Dist.] Aug. 13, 2019, no pet.) (mem. op.) (dismissing the appeal because the trial court's order granting appellee's TCPA motion to dismiss "did not address appellees' claim for attorney's fees, nor did it dispose of the claims against the other named defendants in the underlying case").

Neither parties briefed the issue of this Court's jurisdiction. So that the Court may determine the threshold issue of jurisdiction, appellant is ORDERED to file, no later than August 27, 2021, a letter brief addressing the Court's concern. Appellee may file a response within ten days of the filing of appellant's letter brief. If any party relies on information not included in the clerk's record, that party shall have filed a supplemental clerk's record containing that information. Should the Court determine it lacks jurisdiction, the Court will dismiss the appeal without further notice. *See* TEX. R. APP. P. 42.3(a). The Court may also dismiss the appeal without further notice should appellant fail to file the requested letter brief. *See id.* 42.3(a),(c).

PER CURIAM

Delivered and filed on the
13th day of August, 2021.

3