**DISMISS and Opinion Filed September 29, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00381-CV**

**JORDAN KAHN MUSIC COMPANY, LLC AND JORDAN KAHN,
Appellants**

**V.**

**TRAVIS THRELKELD, Appellee**

**On Appeal from the 366th Judicial District Court
Collin County, Texas
Trial Court Cause No. 366-05966-2020**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Partida-Kipness

We questioned our jurisdiction over this appeal from the trial court's February 28, 2021 final judgment on appellee's motion to dismiss under section 27.003 of the Texas Citizen's Participation Act (TCPA) as it did not appear to have been timely filed. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional). Because an appeal from a final judgment on a section 27.003 motion to dismiss is accelerated, the notice of appeal was due no later than March 22, 2021,

twenty days after the judgment was signed, or, with an extension motion, April 6, 2021, fifteen days later. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b); Tex. R. App. P. 4.1(a), 26.1(b), 26.3, 28.1(a). The notice of appeal, however, was not filed until May 24, 2021.

In jurisdictional briefing filed at our request, appellants do not dispute that an appeal from a final judgment on a motion to dismiss under section 27.003 is accelerated. Instead, they dispute the February 28th judgment is a judgment on a section 27.003 motion to dismiss.

As reflected in the record, appellee sought in his motion both dismissal of the underlying suit as provided under section 27.003 as well as attorney's fees as authorized under section 27.009. *See* Civ. Prac. & Rem. Code §§ 27.003, 27.009. The trial court heard the motion on two different dates. At the first hearing, held January 19, 2021, the trial court signed an interlocutory order granting the motion to dismiss and orally granted appellee leave to file an affidavit in support of the fees. The signed order recites in its entirety as follows:

> Pending before the Court is Defendant Travis Threlkeld's December 7, 2020 Motion to Dismiss pursuant to the Texas Citizens' Participation Act ("Motion"). Upon consideration of the Motion, the pleadings, the parties' briefing on file, and the arguments of counsel, the Court finds the Motion is GRANTED.

Following the second hearing, held February 23, the trial court signed the final judgment. In relevant part, the final judgment reads as follows:

–2–

On January 19, 2021 and February 23, 2021, the Court heard and considered the Defendant's Motion to Dismiss Pursuant to the Texas Citizens' Participation Act. . . . After considering the motion, the response, the evidence presented, and hearing the arguments of counsel, the Court determined that the motion to dismiss should be granted and that Defendant should recover attorney's fees incurred in connection with this matter. Accordingly,

IT IS ORDERED that Plaintiffs take nothing upon their claims against Defendant Travis Threlkeld and Plaintiffs' claims are dismissed with prejudice to the refiling of same.

IT IS FURTHER ORDERED that Defendant Travis Threlkeld do have and recover judgment from and against Plaintiffs . . . for reasonable and necessary attorney's fees . . . in the amount of $7,875.00.

\*\*\*

. . . All relief not granted herein is denied. IT IS FURTHER ORDERED that this is a final judgment disposing of all claims and all parties to this suit.

Based on the language in (1) section 27.003, providing for dismissal, (2) section 27.009, authorizing attorney's fees, and (3) section 27.008, accelerating an appeal "from a trial court order on a motion to dismiss . . . under section 27.003," appellants assert that, because attorney's fees are authorized under section 27.009, not section 27.003, an order granting fees under section 27.009 is not an order "under section 27.003" subject to an accelerated appeal. *See* CIV. PRAC. & REM. CODE §§ 27.003, 27.008, 27.009. And, because the request to dismiss was granted January 19th and the issue decided at the second hearing was the fee issue, they argue the February 28th judgment was not an order "under section 27.003." Because they

timely filed a motion for new trial following the February 28th judgment, they assert the notice of appeal was timely filed. *See* TEX. R. APP. P. 26.1(a) (providing ninety-day deadline for filing of notice of appeal from final judgment where motion for new trial timely filed).[1] Alternatively, they argue that, to the extent the February 28th judgment was a section 27.003 order, we at least have jurisdiction over that portion of the judgment awarding fees because, again, only the dismissal pursuant to a motion under section 27.003 is subject to an accelerated appeal.

Attorney's fees under section 27.009, however, are only authorized if a legal action is dismissed under section 27.003. *See* CIV. PRAC. & REM. CODE § 27.009(a). As appellee points out in his jurisdictional brief, a trial court need not determine a fee issue at the same time it grants a request to dismiss, but an order granting a section 27.003 motion that requests fees is not final until the fee issue has been determined. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 787 (Tex. App.—Amarillo 2016, no pet.) (per curiam); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (judgment is final for purposes of appeal if it unequivocally states it has disposed of all claims and all parties).

Because the February 28th judgment disposed of the remaining issue in the motion to dismiss, it was a judgment "under section 27.003" and was subject to an accelerated appeal. Having been filed outside the deadline for an accelerated appeal,

---

[1] While a motion for new trial extends the time for perfecting a regular appeal from thirty days to ninety days, it does not extend the time to perfect an accelerated appeal. *See* TEX. R. APP. P. 26.1 & (a), 28.1(b).

–4–

the appeal from the judgment was untimely and we lack jurisdiction over it. *See Brashear*, 302 S.W.3d at 545. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210381F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JORDAN KAHN MUSIC COMPANY, LLC AND JORDAN KAHN, Appellants

No. 05-21-00381-CV          V.

TRAVIS THRELKELD, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-05966-2020.

Opinion delivered by Justice Partida-Kipness, Justices Myers and Garcia participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Travis Threlkeld recover his costs, if any, of this appeal from appellants Jordan Kahn Music Company, LLC and Jordan Kahn.

Judgment entered September 29, 2021.