

## NUMBER 13-23-00547-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

ALICIA GONZALEZ AND
NICOLE TREBILCOCK,                                               **Appellants,**

**v.**

COASTAL CONSERVATION
ASSOCIATION,                                                         **Appellee.**

---

### On appeal from the County Court at Law No. 4
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Silva

Appellants Alicia Gonzalez and Nicole Trebilock attempt to appeal the trial court's November 21, 2023 order granting appellee Coastal Conservation Association's motion to dismiss.

Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not an appealable interlocutory order or a final appealable order. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The order clearly states that it was reserving the determination of appellee's attorney's fees for a later date. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 787 (Tex. App.—Amarillo 2016, no pet.) (per curiam) (concluding that an order dismissing the plaintiff's claims pursuant to the Texas Citizen's Participation Act was not final because it "expressly [left] for future disposition the statutorily-required award of attorney's fees and sanctions" (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a))).

On January 5, 2024, the Clerk of the Court notified appellants of this defect and warned that if the defect was not corrected within ten days, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(b), (c). Appellants failed to correct the defect. Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal. *See Olgetree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007); *Lehmann*, 39 S.W.3d at 195.

The Court, having considered the documents on file and appellants' failure to correct the defect, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Accordingly, the appeal is dismissed for want of jurisdiction.[1] *See id*. R. 42.3(a), (c).

CLARISSA SILVA
Justice

Delivered and filed on the
25th day of January, 2024.

---

[1] Appellants filed a motion to consolidate this case with appellate cause number 13-23-00542-CV, also pending before this Court and stemming from the same trial court case. Appellants' motions are denied as moot.