**Opinion issued October 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-24-00721-CV

_____

**SHARON BAYUS, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF INNOVATIVE ALTERNATIVES, INC., Appellant**

**V.**

**DENNIS STETZEL, AMBER CYR, STACY DICKSON, SEAN ARMISTEAD, AND CONSTANCE AUSTIN, Appellees**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-30979**

---

## MEMORANDUM OPINION

Appellant, Sharon Bayus, individually and derivatively on behalf of Innovative Alternatives, Inc., filed a notice of appeal from the trial court's August 19, 2024 order granting the motion to dismiss of appellees, Dennis Stetzel, Amber

Cyr, Stacy Dickson, Sean Armistead, and Constance Austin, filed pursuant to the Texas Citizens Participation Act (the "TCPA"). In its order granting appellees' TCPA motion to dismiss, the trial court ordered appellees to present affidavits supporting their request for an award of attorney's fees and costs.

On October 7, 2024, appellees filed a "Motion to Dismiss Appeal," arguing that this Court lacks jurisdiction over appellant's appeal because appellant has appealed "from an unappealable interlocutory order."

We grant appellees' motion and dismiss the appeal for lack of jurisdiction.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. Notably, section 51.014(a)(12) of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal from an order denying a motion to dismiss under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12). However, the statute provides no such authorization for an immediate, interlocutory appeal from an order granting a motion to dismiss under the TCPA. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.) (dismissing appeal from order granting TCPA motion to dismiss where trial court had not yet ruled on request for mandatory attorney's fees); *see also Fleming & Assocs., L.L.P. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.—

Houston [14th Dist.] 2015, pet. denied) ("[T]he courts of appeals do not have jurisdiction over an interlocutory appeal from an order granting a motion to dismiss under chapter 27 of the Texas Civil Practice and Remedies Code.").

The trial court's order appealed by appellant did not dispose of appellees' requests for attorney's fees and costs, and therefore is not a final, appealable order. Because appellant has appealed from an interlocutory trial court order and has not identified a statute—and we have found none—that would authorize an interlocutory appeal from the trial court's August 19, 2024 order, we conclude that we lack jurisdiction over the appeal.

Appellees filed their motion to dismiss the appeal for lack of jurisdiction on October 7, 2024. More than ten days have passed and appellant has not filed a response to the motion. *See* TEX. R. APP. P. 10.3(a).

Accordingly, we grant appellees' motion and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Gunn.