**AFFIRM and Opinion Filed November 13, 2024.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

___

### No. 05-24-00193-CV

___

**BRAD NAMDAR, Appellant**
**V.**
**STEPHEN CHRISTOPHER SUPRUN, Appellee**

___

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-08260**

___

# MEMORANDUM OPINION

Before Justices Smith, Garcia, and Kennedy
Opinion by Justice Kennedy

Appellant Brad Namdar sued appellee Stephen Christopher Suprun and others

for defamation in connection with various articles that were published when Namdar

was a Republican primary candidate for the United States House of Representatives

for the 32nd Congressional District of Texas. Suprun filed a motion to dismiss

pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, commonly

referred to as the Texas Citizens Participation Act (TCPA), and the trial judge granted

Suprun's motion. On appeal, Namdar challenges the trial court's ruling on Suprun's

motion. We affirm the trial court's judgment dismissing Namdar's claims against

Suprun.  Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In the winter of 2022, Namdar became the subject of a series of articles published by the Dallas Morning News.  Those articles were titled, "Dallas GOP congressional candidate Brad Namdar accused of soliciting sex from escort," "Dallas congressional hopeful Namdar suspended from anti-trafficking program amid escort allegations," and "Dallas law firm seeks to garnish GOP congressional candidate Brad Namdar's campaign account."  In addition, the Dallas Morning News publications contained other allegations regarding Namdar, including that in 2014, he inappropriately touched a student while he was employed as a teacher and coach by the Dallas Independent School District.[1]  A publication known as "Current Revolt" also published articles concerning Namdar.

Following the Dallas Morning News publications, Never Forget 9/11, an online publication, published an article titled "Anti-Human Trafficking Candidate Brad Namdar Solicited Escorts," and another online publication, Other Side Dallas, published articles titled "Brad Namdar Investigated?" "Brad Namdar Defense," "Primary Runoff Voting 2022," and "WFAA Hides Jimmy Kimmel Monologue." These are the publications that are the subject of this suit.

---

[1] Namdar sued the Dallas Morning News and its reporter, Lauren McGaughy, for defamation.  His claims against them were dismissed pursuant to the TCPA.

## PROCEDURAL HISTORY

On June 16, 2023, Namdar sued Suprun claiming he was involved in the publication of the complained of articles and that those articles contained false and defamatory statements regarding him. More particularly, Namdar claimed the articles wrongfully accused him of solicitation and other crimes, indicated he had admitted to such allegations, claimed his alleged actions were the subject of a formal criminal investigation, and not only discussed an almost seven-year-old allegation of sexual misconduct involving a student while Namdar was working as a teacher and soccer coach but also reported the existence of additional, related allegations, which Namdar claimed were fabricated by Suprun and others. Suprun answered generally denying Namdar's claims and asserting various defenses. On October 10, 2023, Suprun filed a motion to dismiss Namdar's claims pursuant to the TCPA. The motion asserted Namdar's claims against Suprun are based on Suprun's exercise of the right of free speech, challenged Namdar's ability to make out a prima facie case in support of his claims, and asserted various affirmative defenses, including the fair report and fair comment privileges.[2] *See* TEX. CIV. PRAC. & REM. CODE § 27.005. Suprun supported his motion with the Dallas Morning News publications, text

---

[2] The fair report privilege protects journalists if their reports of official actions are an accurate and complete or a fair abridgement of the occurrence reported, even without regard for whether the information from such proceedings is actually true. *KBMT Oper. Co. v. Toledo*, 492 S.W.3d 710, 714 (Tex. 2016); *see also* TEX. CIV. PRAC. & REM. CODE § 73.002(b)(1). The fair comment privilege protects reasonable and fair comments or criticism of an official act of a public official or other matter of public concern published for general information. *Id.* CIV. PRAC. & REM. § 73.002(b)(2).

messages alleged to have been exchanged between Namdar and the escort, screenshots from the video the escort provided to the Dallas Morning News, an email reporting the alleged incident between Namdar and a student, the order granting Dallas Morning News and its reporter's TCPA motion to dismiss, the affidavit of the Dallas Morning News reporter that was submitted with the TCPA motion to dismiss, the publications at issue in this case, and an affidavit signed by the escort. Namdar filed a response to the TCPA motion. He supported his response with his affidavit, the declaration of his attorney, copies of the complained of publications, and numerous documents Namdar contends tie Suprun to various publishers.

The trial judge held a hearing on Suprun's TCPA motion on February 1, 2024. She granted the motion, dismissed Namdar's claims against Suprun, and ordered Suprun to submit evidence concerning attorney's fees within seven days. The trial judge did not state the reasons for her ruling. On February 21, 2024, Namdar filed his notice of appeal.[3]

---

[3] The notice of appeal was premature because there was not yet a final judgment in this case because the issue of attorney's fees had not been resolved and Namdar had an outstanding claim against Omni Digital News LLC and, thereafter, he added two additional defendants, George Bannerman Dealey Leadership Institute ("GBDLI") and 9-11 Foundation, to the lawsuit. No statute authorizes an interlocutory appeal of an order granting a motion to dismiss pursuant to the TCPA. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.) (per curiam); *Britton v. Azzouz*, No. 02-24-00206-CV, 2024 WL 3365246, at *1 (Tex. App.—Fort Worth July 11, 2024, no pet.) (mem. op.) (appeal of an order granting a TCPA motion to dismiss is only properly taken from a final judgment that disposes of all claims and parties).

On April 19, 2024, the trial judge signed an amended judgment dismissing Namdar's claims against Suprun and awarding him attorney's fees. On September 10, 2024, the trial judge signed an order granting a default judgment against Omni, GBDLI and 9-11 Foundation, which finally disposed of all parties and claims in this case. Because there is now a final judgment in this case, we have jurisdiction to consider the trial court's grant of Suprun's motion to dismiss. *See* TEX. R. APP. P. 27.1(a) (premature notice of appeal

–4–

DISCUSSION

The TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding); *see also* TEX. CIV. PRAC. & REM. CODE § 27.002. To facilitate this purpose, the TCPA provides a procedure for expeditiously dismissing a non-meritorious legal action that is based on, relates to, or is in response to a party's exercise of certain delineated rights, including the right to free speech, which is defined as "a communication made in connection with a matter of public concern." CIV. PRAC. & REM. §§ 27.003(a), 27.005(b),(c). "In other words, the TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *Mohamed v. Ctr. for Sec. Pol'y*, 554 S.W.3d 767, 773 (Tex. App.—Dallas 2018, pet. denied).

A TCPA motion to dismiss triggers a multi-step analysis. *See* CIV. PRAC. & REM. § 27.005(b)–(d). At step one, the movant bears the initial burden to demonstrate that the nonmovant's legal action is based on or in response to (1) the movant's exercise of the right of free speech, the right to petition, or the right of association, or (2) conduct by the movant fitting the descriptions found in Section 27.010(b). *See id.* § 27.005(b).

---

deemed filed on day of, but after, event that begins period for perfecting appeal); TEX. R. APP. P. 27.2 ("The appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and given them effect after the order was signed.").

–5–

If the movant carries its step-one burden as to a claim, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of that claim. *See id.* § 27.005(c). If the nonmovant does not carry its burden, the claim must be dismissed. *See id.* § 27.005(b), (c). And even if the nonmovant carries its step-two burden, the movant can still obtain dismissal at step three by establishing an affirmative defense or other grounds on which it is entitled to judgment as a matter of law. *Id.* § 27.005(d).

In determining whether a legal action is subject to or should be dismissed under the TCPA, a court shall consider the pleadings, evidence the court could consider under the summary-judgment rule, and supporting and opposing affidavits stating the facts on which the liability or defense is based. *Id.* § 27.006(a). We consider these materials in the light most favorable to the nonmovant. *Temple v. Cortez L. Firm, PLLC*, 657 S.W.3d 337, 342 (Tex. App.—Dallas 2022, no pet.).

We review de novo the trial judge's determination that the parties met or failed to meet their respective burdens under the TCPA. *Garcia v. Semler*, 663 S.W.3d 270, 279 (Tex. App.—Dallas 2022, no pet.).

Suprun's TCPA motion invoked the right to free speech, which the TCPA defines as a communication made in connection with a matter of public concern. CIV. PRAC. & REM. § 27.001(3). The TCPA further defines the phrase "matter of public concern," in relevant part, as follows:

(7) "Matter of public concern" means a statement or activity regarding:

...

(B) a matter of political, social, or other interest to the community; or

(C) a subject of concern to the public.

*Id.* § 27.001(7)(B), (C).

Namdar's claims against Suprun involve communications he allegedly made in connection with a matter of public concern. Namdar concedes that in moving to dismiss his claims pursuant to the TCPA, Suprun met his step-one burden, and we agree. *See, e.g.*, *Weber v. Fernandez*, No. 02-18-00275-CV, 2019 WL 1395796, at *6 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.) (holding challenged statements were communications made in connection with matter of public concern because they were made during a political contest and because they were related to the charge and prosecution of appellee for the crime while he was city councilmember, as well as to circumstances surrounding his resignation from city council); *Campbell v. Clark*, 471 S.W.3d 615, 623–24 (Tex. App.—Dallas 2015, no pet.) (holding political ad accusing incumbent county commissioner of helping someone avoid prosecution for sex offenses constituted exercise of free speech).

Namdar asserts he produced enough clear and specific evidence to raise a prima facie case on every element of his claims against Suprun. Before we consider this argument, however, we will consider the affirmative defenses that Suprun asserted in his TCPA motion. *See Anderson v. Goodwin*, No. 05-23-00343-CV, 2024 WL 725669, at *4 (Tex. App.—Dallas Feb. 22, 2024, no pet.) (mem. op.)

(considering the affirmative defenses before considering whether nonmovant met step-two burden).

Suprun's TCPA motion urged four affirmative defenses. *See* CIV. PRAC. & REM. § 27.005(d) (requiring dismissal if the movant establishes an affirmative defense as a matter of law, even if the nonmovant carries his step-two burden). Suprun asserted Namdar's claims against him are barred by limitations, the fair report and fair comment privileges, and the defense of truth. The trial court's order granting the TCPA motion did not specify the judge's reasons for granting it. A general order like the one in this case triggers a presumption that the trial judge considered every ground asserted by the movant. *See Morales v. Barnes*, No. 05-17-00316-CV, 2017 WL 6759190, at *5 (Tex. App.—Dallas Dec. 29, 2017, no pet.) (mem. op.) (noting that we presume the trial judge considered all grounds if the judge does not specify the reasons for an order); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (affirming general summary-judgment order because it could have been based on summary-judgment ground appellant did not challenge).

While Namdar addresses Suprun's affirmative defenses of limitations and truth, and briefly touches on the fair report privilege on appeal, he does not address Suprun's fair comment defense. The trial judge may have dismissed Namdar's defamation claims against Suprun based on that defense. Because Namdar did not challenge that ground for granting Suprun's motion to dismiss, he has not shown that

granting the motion on that basis was erroneous. *See Morrison v. Profanchik*, No. 05-17-00680-CV, 2018 WL 4090635, at *1, 4 (Tex. App.—Dallas Aug. 28, 2018, pet. denied) (mem. op.) (we must accept the validity of unchallenged grounds and affirm the order). Accordingly, we overrule Namdar's sole issue and we need not address whether he successfully carried his step-two burden as to his claims against Suprun. *See* CIV. PRAC. & REM. § 27.005(d) (requiring dismissal based on affirmative defenses that are proved as a matter of law "[n]otwithstanding" the nonmovant's showing at step two).

**CONCLUSION**

We affirm the trial court's April 19, 2024 Amended Final Judgment granting Defendant Christopher Suprun's motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code.


/Nancy Kennedy/

NANCY KENNEDY

240193F.P05                JUSTICE

–9–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRAD NAMDAR, Appellant

No. 05-24-00193-CV          V.

STEPHEN CHRISTOPHER
SUPRUN, Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-23-08260.
Opinion delivered by Justice
Kennedy. Justices Smith and Garcia
participating.

In accordance with this Court's opinion of this date, the April 19, 2024 amended final judgment of the trial court granting appellee's motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code is **AFFIRMED**.

It is **ORDERED** that appellee STEPHEN CHRISTOPHER SUPRUN recover his costs of this appeal from appellant BRAD NAMDAR.

Judgment entered this 13th day of November 2024.