**Dismissed and Opinion filed October 29, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-15-00238-CV
NO. 14-15-00369-CV

**FLEMING & ASSOCIATES, L.L.P. N/K/A FLEMING, NOLEN & JEZ L.L.P. AND GEORGE FLEMING, Appellants**

**V.**

**CHARLES KIRKLIN, STEPHEN KIRKLIN, PAUL KIRKLIN, AND THE KIRKLIN LAW FIRM, P.C., Appellees**

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2014-53135**

**O P I N I O N**

These are attempted appeals from orders signed February 24, 2015 and April 6, 2015. Because the orders do not dispose of all parties and all claims and because no statute provides for an appeal from either of these interlocutory orders, we dismiss the appeals for want of jurisdiction. *See Lehmann v. Har–Con Corp.*, 39

S.W.3d 191, 195 (Tex. 2001).

## BACKGROUND

On September 17, 2014, Fleming & Associates ("F&A") filed an original petition naming as defendants Charles Kirklin, Stephen Kirklin, Paul Kirklin, and the Kirklin Law Firm, P.C. (collectively, the "Kirklin Parties"), and Don Jackson, Jeffrey W. Chambers, and Ware, Jackson, Lee & Chambers, L.L.P. (collectively the "Jackson Parties"). The suit arises out of diet drug litigation in which F&A handled the claims of over 8,000 clients. F&A alleged that after the case settled, the Kirklin Parties and the Jackson Parties solicited F&A's former clients to pursue civil litigation against F&A and George Fleming concerning settlement expenses.

## APPEAL OF MOTION TO DISMISS

On December 9, 2014, the Jackson Parties filed a motion to dismiss pursuant to the Texas Citizens' Participation Act (TCPA), also known as an Anti-SLAPP motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005. The Jackson Parties alleged that Fleming and F&A filed their suit for the purpose of attempting to "chill and stifle [the Jackson Parties] and others from exercising their TCPA-protected constitutional rights to take the actions necessary to file and pursue legitimate claims against Fleming and F&A." On December 11, 2014, the Kirklin Parties also filed an Anti-SLAPP motion to dismiss on similar grounds.

On February 24, 2015, the trial court signed three orders:

- denying the Kirklin Parties' TCPA motion to dismiss against F&A;

- granting the Kirklin Parties' TCPA motion to dismiss against Fleming; and

- granting the Jackson Parties' TCPA motion to dismiss against F&A and Fleming.

2

Both orders granting the TCPA motions to dismiss contain a handwritten notation, "Attorneys' fees & sanctions will be considered at a later date."

On March 11, 2015, Fleming and F&A appealed the trial court's orders granting the TCPA motions to dismiss in cause number 14-15-00238-CV. On March 30, 2015, the trial court denied the Kirklin Parties' request for attorneys' fees and sanctions. The Kirklin Parties filed a notice of cross-appeal in cause number 14-15-00238-CV challenging that order. Neither side appealed the denial of a TCPA motion.

In general, Texas appellate courts have jurisdiction only over final judgments. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012). An exception to this rule exists, however, when a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.3d 352, 352–53 (Tex. 1998) (per curiam).

The Civil Practice and Remedies Code provides for interlocutory appeal of an order that "denies a motion to dismiss filed under Section 27.003." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (West 2015). Texas Civil Practice and Remedies Code section 27.008(a) provides that "[i]f a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal." Tex. Civ. Prac. & Rem. Code Ann. § 57.008(a) (West 2015). Under Texas Civil Practice and Remedies Code section 27.008(b), "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section

3

27.005." *Id.* § 57.008 (b). Nonetheless, no statute explicitly provides for an interlocutory appeal of an order that grants such a motion. *See Schlumberger Ltd. v. Rutherford*, 01-14-00776-CV, 2015 WL 5026076, at *3 (Tex. App.—Houston [1st Dist.] Aug. 25, 2015, no. pet. h.) (not yet released for publication); Tex. Civ. Prac. & Rem. Code § 27.008(a). Therefore, the courts of appeals do not have jurisdiction over an interlocutory appeal from an order granting a motion to dismiss under chapter 27 of the Texas Civil Practice and Remedies Code. *See Stary*, 967 S.W.3d at 352–53; *Schlumberger Ltd.*, 2015 WL 5026076, at *3–8; *Shankles v. Gordon*, No. 05-14-01444-CV, 2015 WL 3454429, *1 (Tex. App.—Dallas Jun. 1, 2015, no pet.) (mem. op.).

Because the trial court's orders granting the Kirklin Parties' and the Jackson Parties' TCPA motions to dismiss under chapter 27 of the Texas Civil Practice and Remedies Code are interlocutory, we lack jurisdiction over the TCPA appeal and the cross-appeal.[1]

---

[1] In *Jardin v. Marklund*, 431 S.W.3d 765 (Tex. App.—Houston [14th Dist.] 2014, no pet.), this court stated that "we have jurisdiction to review the trial court's grant or denial of a motion to dismiss under the TCPA." *Id.* at 769. That case is distinguishable from the instant case because in that case, the appellant appealed the trial court's denial of his motion to dismiss under the TCPA. *Id.* at 766. Therefore, the statement by the court that it had jurisdiction over the grant of a motion to dismiss under the TCPA is dictum and we are not bound by it. *See Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). *Direct Commercial Funding, Inc. v. Beacon Hill Estates*, LLC, 407 S.W.3d 398 (Tex. App.—Houston [14th Dist.] 2013, no pet.) is similarly distinguishable. In that case, the appellant attempted to appeal what it thought was the trial court's order granting a motion to dismiss under the TCPA. *Id.* at 399. However, the defendant's motion to dismiss was overruled by operation of law, and at the time, section 27.008(c) provided that an appeal had to be filed within 60 days. Before that time expired, the trial court purported to grant the motion to dismiss. Nevertheless, the notice of appeal was filed within 60 days of the denial, *see id.* at 401 n.3, and although the appellant referred in its notice of appeal to the trial court's later order, the appellant also stated that it sought an accelerated interlocutory appeal pursuant to section 27.008. *See id.* at 400. Moreover, this court held that the motion truly was denied by operation of law.

## APPEAL OF SUMMARY JUDGMENT

On December 16, 2014, the Kirklin Parties filed a motion for traditional and no-evidence summary judgment and Rule 13 sanctions. *See* Tex. R. Civ. P. 13. The Kirklin Parties argued F&A's suit was groundless, brought in bad faith, and for the purpose of harassment.

On April 6, 2015, the trial court signed an order granting the Kirklin Parties' motion for summary judgment. The record reflects that this is an interlocutory order. The order does not dispose of the Jackson Parties' claims for attorneys' fees. On April 21, 2015, F&A filed a notice of appeal seeking to challenge the summary judgment, which this court docketed as cause number 14-15-00369-CV.

The records before this court do not contain orders severing claims asserted against the Jackson Parties as defendants, nor do the records contain orders addressing the Jackson Parties' attorneys' fees and sanctions. In response to this court's notice of dismissal, appellants confirmed that the attorneys' fees in both the TCPA dismissals and the summary judgment are to be decided at a later date.

A summary judgment that does not dispose of attorneys' fees is not a final, appealable order. *McNally v. Guevara*, 52 S.W.3d 195, 195 (Tex. 2001). Because the order on summary judgment does not dispose of all parties and all claims and because no statute explicitly provides for an appeal from this interlocutory order this court does not have jurisdiction over the summary judgment appeal.

## CONCLUSION

Because there is no statutory authority for an interlocutory appeal of an order granting a TCPA motion to dismiss, we lack jurisdiction over appellants' appeal in cause number 14-15-00238-CV. The trial court's order on summary judgment does not dispose of all claims and all parties, and because no statute

explicitly provides for an appeal from this interlocutory order, we lack jurisdiction over appellants' appeal in cause number 14-15-00369-CV. Accordingly, the appeals are ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.