

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00131-CV

KENT FLYNN D/B/A FLYNN &                                       APPELLANT
COMPANY AND D/B/A SFC
SERVICES

V.

PETER GORMAN                                                  APPELLEE

----------

### FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 153-276438-15

----------

### **MEMORANDUM OPINION**[1]

----------

Appellee Peter Gorman has filed a motion to reconsider our order denying

his motion to dismiss this appeal for want of jurisdiction.  Because the trial court's

order granting Appellee's motion to dismiss the suit of Appellant Kent Flynn d/b/a

Flynn & Company and d/b/a SFC Services under the Texas Citizens Participation

---

[1]*See* Tex. R. App. P. 47.4.

Act (TCPA) is not an appealable interlocutory order, we grant Appellee's motions and dismiss this appeal for want of jurisdiction.

Appellant filed a notice of appeal from the trial court's April 1, 2016 order granting Appellee's motion to dismiss the suit under chapter 27 of the civil practice and remedies code. Appellee filed a motion to dismiss the appeal, arguing that it is premature because the order complained of does not dispose of Appellant's claims against another party and that this court has no subject matter jurisdiction to address an interlocutory appeal of an order *granting* a motion to dismiss under section 27.003 of the civil practice and remedies code. This court originally denied the motion but then invited Appellant to respond to Appellee's motion requesting rehearing of his motion to dismiss. Appellant's response does not demonstrate a basis for this court's jurisdiction.

We have appellate jurisdiction of appeals from final judgments[2] and from interlocutory orders that the legislature has specified are appealable.[3] "We strictly construe a statute authorizing an interlocutory appeal because it is an exception to the general rule that only final judgments are appealable."[4] An interlocutory appeal is allowed from an order denying a motion to dismiss under

---

[2]*Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

[3]Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2016).

[4]*Rogers v. Orr*, 408 S.W.3d 640, 642 (Tex. App.—Fort Worth 2013, pet. denied); *see also CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

the TCPA.[5]  Further, section 27.008(b) of the civil practice and remedies code provides that appeals from trial court orders on motions to dismiss under the TCPA are expedited, whether interlocutory or not.[6]  But no express statutory authority allows an interlocutory appeal from an order granting a motion to dismiss under the TCPA.[7]

Accordingly, we withdraw our July 18, 2016 order denying Appellee's motion to dismiss, grant his pending motions, and dismiss this appeal for want of jurisdiction.[8]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  September 8, 2016

---

[5]Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a) (West 2015), § 51.014(a)(12); *In re Lipsky*, 460 S.W.3d 579, 585 n.2 (Tex. 2015) (orig. proceeding).

[6]Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b) (West 2015).

[7]*Fleming & Assocs., L.L.P. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2015, pet. filed); *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 886 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014.

[8]*See* Tex. R. App. 42.3(a), 43.2(f); *Kirklin*, 479 S.W.3d at 461; *Schlumberger*, 472 S.W.3d at 895.