**Memorandum Opinion filed February 5, 2019 Withdrawn; Appellant's Motion for Rehearing Denied; Motion to Dismiss Granted; Motion to Abate Denied; Appeal Dismissed and Substitute Memorandum Opinion filed  April 2, 2019.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00954-CV

**HUMBERTO LENIEK, Appellant**

**V.**

**EVOLUTION WELL SERVICES, LLC, AND EVOLUTION WELL SERVICES OPERATING, LLC, Appellees**

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-33380**

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We withdraw our opinion issued February 5, 2019 and issue this substitute opinion.

This is an appeal from an order signed October 8, 2018. On December 17,

2018 appellees filed a motion to dismiss the appeal. *See* Tex. R. App. P. 42.3. Because this court lacks jurisdiction over the appeal, the motion is granted, and the appeal is dismissed.

In the suit underlying this appeal, appellees prevailed on their motion to dismiss appellant's claims under section 27.003 of the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code § 27.003. Appellees' motion for attorney's fees pursuant to section 27.009 of the TCPA was pending in the trial court at the time this appeal was filed. Appellees contend the outstanding claim for attorney's fees renders the order interlocutory.

Appellant argues the order is final because the trial court did not make a ruling on attorney's fees within thirty days of the hearing on the motion to dismiss and, therefore, the motion for attorney's fees was denied by operation of law. Alternatively, appellant requests we abate the appeal until the trial court rules on attorney's fees.

## I.    Background

Appellees' TCPA motion to dismiss requested that, "following dismissal, the Court schedule a hearing to award them court costs and reasonable attorney's fees, pursuant to Texas Civil Practices and Remedies Code § 27.009(a)(1)." The trial court's order granting the motion to dismiss stated, "[h]aving considered the motion to dismiss, the court is of the opinion that the motion should be granted in all of its particulars. It is therefore ORDERED that the Motion to Dismiss is GRANTED." Eight days after the motion was granted, appellant filed his notice of appeal. Three days later, appellees filed a notice of submission setting a hearing on their motion for attorney's fees. The trial court has not yet ruled on appellees' request for attorney's fees.

## II. Law and Analysis

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). We strictly construe statutes authorizing interlocutory appeals. *Young v. Villegas*, 231 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

The Civil Practice and Remedies Code provides for an interlocutory appeal of an order that "denies a motion to dismiss filed under section 27.003" of the TCPA. *See* Tex. Civ. Prac. Rem. Code § 51.014(a)(12). No statutory authority exists, however, for an interlocutory appeal from the *grant* of a motion to dismiss under the TCPA. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.) (dismissing appeal from granting of TCPA motion to dismiss for want of jurisdiction); *Fleming & Assocs. v. Kirklin*, 479 S.W.3d 458, 460–61 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (holding interlocutory order granting TCPA motion to dismiss was not appealable).

Appellant contends the appeal is not interlocutory because the motion for attorney's fees was denied by operation of law. Appellant argues that to the extent the trial court's order did not grant relief within thirty days of the hearing on the TCPA motion to dismiss, any undisposed requests for relief were denied by operation of law. Appellant's contention is based upon section 27.008, which provides, "[i]f a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005 [30 days], the motion is considered to have been denied by operation of law and the moving party may appeal." Here, the trial

court ruled on the motion to dismiss within thirty days but did not rule on the motion for attorney's fees in that time period. Nothing within the TCPA expressly prohibits the trial court from timely ruling on the request for dismissal and later resolving issues relating to statutorily required attorney's fees and sanctions. *DeAngelis v. Protective Parents Coal.*, 556 S.W.2d 836, 859–60 (Tex. App.—Fort Worth 2018, no pet.) (holding trial court still had plenary power after granting TCPA motion to dismiss). Appellant contends the Texas Supreme Court's decision in *D Magazine Partners. L.P., v. Rosenthal*, supports his contention that attorney's fees are deemed denied by operation of law under section 27.008(a) if the trial court does not award them within 30 days of a hearing on a motion to dismiss under section 27.003. *D Magazine Partners. L.P., v. Rosenthal,* 529 S.W.3d 429 (Tex. 2017). The facts in *D. Magazine*, however, reflect that the trial court denied the request for attorney's fees. *D. Magazine*, 529 S.W.3d at 441.

Moreover, the TCPA's fee-shifting provision is mandatory. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a) (providing, "[i]f the court orders dismissal of a legal action under this chapter, the court *shall* award to the moving party: (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." (emphasis added)); *see Toth v. Sears Home Improvement Prods.*, 557 S.W.3d 142, 158–-59 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (stating, "[w]hen an action is properly dismissed under the TCPA, a trial court must award court costs, reasonable attorney's fees, and other expenses incurred in defending against the action as justice and equity may require"). Thus, the trial court did not have discretion to allow the motion for attorney's fees to be overruled by operation of law. *See id.*

Appellant's contention that appellees' motion for attorney's fees was overruled by operation of law is without support. The trial court's order is an

unappealable interlocutory order. Accordingly, we grant appellees' motion to dismiss.

### III. Appellant's motion to abate

Appellant requests that we abate the appeal pursuant to Texas Rule of Appellate Procedure 27.2, if we determine the order is interlocutory. Rule 27.2 provides, in relevant part, "[t]he appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. Appellant contends *Lehmann v. Har-Con Corp.*, supports the use of rule 27.2 to abate in these circumstances. *Lehmann*, 39 S.W.3d at 206. The *Lehmann* Court stated "[i]f the appellate court is uncertain about the intent of the order, it can abate the appeal to permit *clarification* by the trial court." *Id*. (emphasis added). In this case, the amount of attorney's fees requested by appellees greatly exceeds the amount appellant acknowledges would be reasonable. Accordingly, the trial court's decision regarding attorney's fees will amount to be more than a mere clarification. *Trane US*, 501 S.W.3d at 787–88 (denying Trane's request to abate for trial court to determine amount of attorney's fees under TCPA claim because it would require more than ministerial or perfunctory act).

Rule 27.2 is intended to be used to correct or clarify orders of the trial court, not to allow the trial court to finish disposing of unresolved claims. *See Lehmann*, 39 S.W.3d at 206 & n.92; *Coastal Terminal Operators v. Essex Crane Rental Corp.*, 133 S.W.3d 35, 228–39 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Rule 27.2 has also been used when all that is left is a ministerial act of the trial court to make the judgment final. *See Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (abating appeal when trial court needed only to act on

previously filed notice of nonsuit). Accordingly, appellant's motion to abate this appeal is denied.

## IV.   Conclusion

For the reasons stated above, appellees' motion to dismiss is granted, and appellant's motion to abate is denied. This appeal is dismissed.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.