**Dismissed and Memorandum Opinion filed September 26, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00583-CV

## OLUBUNMI AJANAKU, Appellant

## V.

## MARDAN DADASHEV, Appellee

### On Appeal from the County Court at Law No. 1
### Fort Bend County, Texas
### Trial Court Cause No. 18-CCV-062210

## MEMORANDUM OPINION

This is an attempted appeal from an order signed July 8, 2019 denying appellant's motion for summary judgment. An order denying summary judgment is not a final judgment and ordinarily is not appealable. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *Oakbend Med. Ctr. v. Martinez*, 515 S.W.3d 536, 541 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Appellate courts nonetheless have jurisdiction to consider immediate appeals of interlocutory orders

when a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

On September 3, 2019, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before September 13, 2019. *See* Tex. R. App. P. 42.3(a). Appellant filed a response on September 16, 2019 arguing a statutory exception that gives this court jurisdiction over the order denying summary judgment because the order also denies his motion to dismiss. Appellant cites *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV; 2013 WL 407029 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, no pet.) (mem. op.) to support his jurisdictional argument. In *Beacon Hill* this court held that an appellant court has jurisdiction over an interlocutory denial of a motion to dismiss filed pursuant to the Texas Citizens Participation Act (TCPA). *Id.* at *1; *see also Fleming & Associates, L.L.P. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); Tex. Civ. Prac. & Rem. Code Ann. § 27.003.

In this case appellant filed a motion to dismiss alleging the trial court lacked jurisdiction over him. Appellant did not file a motion to dismiss pursuant to the TCPA nor did he file a motion under Texas Rule of Civil Procedure 120a, the grant or denial of which is appealable as an interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7). Therefore, there is no statutory exception that allows appellant to appeal the interlocutory order denying summary judgment. *See* *DeBord*, 967 S.W.2d at 352–53. Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Christopher, Spain, and Poissant.