**Opinion issued December 5, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00723-CV

———————————

### BISHARA DENTAL PLLC, Appellant

### V.

### OUTFRONT MEDIA LLC, OUTFRONT MEDIA GROUP LLC, FORMERLY KNOWN AS CBS OUTDOOR LLC, CLAUDIO IANNITELLI, GARY SHAPLEY, ALLAN D. GOLDSTEIN, SHAWN MORGAN, TRACK DOWN, INC., Appellees

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-35525**

---

## MEMORANDUM OPINION

Appellant, Bishara Dental PLLC, filed a timely notice of appeal of the trial

court's dismissal of appellees Allan D. Goldstein, Outfront Media LLC (Outfront),

and Robert Gary Shapley pursuant to the Texas Citizens' Participation Act, TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011 ("TCPA").[1] Appellees Goldstein and Outfront assert in their amended motion to dismiss this appeal that this Court lacks jurisdiction over the appeal because the judgments at issue are not final, given that the dismissed parties were not severed, other parties remain in the litigation, and the dismissals are not subject to interlocutory appeals. Appellant has not filed a response to appellees' amended motion to dismiss the appeal.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). *See also CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over appeals from final judgments."). Section 51.014(a)(12) of the Civil Practice and Remedies Code "provides for an interlocutory appeal from an order that '*denies* a [TCPA] motion to dismiss filed under Section 27.003.'" *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 886 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (emphasis added). There is no interlocutory appeal from the granting of a TCPA motion to dismiss. *Seekra Realty, LLC v. Garner Paving & Constr., Ltd.*, No. 14-18-00984-CV, 2019 WL 613530, at *1 (Tex. App.—Houston [14th Dist.] Feb. 14, 2019, no pet.) (mem.

---

[1] The motions to dismiss were signed in the trial court on September 26, 2019 (Goldstein), September 27, 2019 (Outfront Media), and September 30, 2019 (Shapley).

op.) ("No statutory authority exists . . . for an interlocutory appeal from the *grant* of a motion to dismiss under the TCPA.") (emphasis in original).

Without a severance of the claims against Goldstein, Outfront, and Shapley, claims remain pending in the trial court, and the trial court has not issued a final judgment. In the absence of a final judgment or appealable interlocutory order, this Court must dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Fleming & Associates, L.L.P. v. Kirklin*, 479 S.W.3d 458, 461 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

Accordingly, we grant appellees' motion and dismiss the appeal for want of jurisdiction. We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Kelly.