**Motion Granted; Appeal Dismissed, and Memorandum Opinion filed January 23, 2020.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-19-00577-CV

**THE FELL CLUTCH, LLC, Appellant**

**V.**

**CHEROKEE BLACK ENTERTAINMENT INC., AND JIMMIE D. WHEELER, Appellees**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-81958**

## MEMORANDUM OPINION

This court informed the parties the record contains no appealable order and requested a response showing meritorious grounds for continuing the appeal. Appellant filed a response and appellees subsequently moved to dismiss the appeal for lack of jurisdiction. For the reasons stated below, we grant appellees' motion and dismiss the appeal.

The underlying suit in this appeal was filed by Savir Productions, LLC, Savir's Pizza Joint Movie, LLC , and The Fell Clutch, LLC (Fell Clutch), against Cherokee Black Entertainment, Inc. and Jimmie D. Wheeler for various claims. Savir Productions and Savir Pizza, in separate motions, nonsuited all claims against all defendants. Appellees counterclaimed against the only remaining plaintiff, Fell Clutch, for breach of contract or unjust enrichment and defamation.

Appellant eventually filed a motion to dismiss the defamation claim under the Texas Citizens Participation Act (TCPA) on May 1, 2019. A hearing was held on May 20, 2019, and an order was signed the same day. In the order the trial court (1) granted the motion to dismiss; (2) ordered appellees to pay appellant $2,000 in attorney's fees; and (3) denied appellant's request for sanctions.

On May 21, 2019, a second order was signed that (1) granted the motion to dismiss; (2) ordered appellees to pay appellant $4,125 in attorney's fees; and $76.00 for expenses; and (3) granted appellant's request for sanctions against appellees of $50,000.

On May 22, 2019, the trial court signed a third order which states:

> The court's May 21, 2019 ORDER in this case is VACATED. The court's ORDER OF May 21, 2019 remains. It is so ORDERED.

Appellant filed a motion to clarify on June 14, 2019. On June 20, 2019, the trial court signed a fourth order, stating:

> On May 22, 2019, the court signed an ORDER attempting to vacate an ORDER that was inadvertently signed. Unfortunately, the May 22, 2019 ORDER had a clerical error. Therefore, the court hereby VACATES its ORDER of May 22, 2019 and issues this ORDER in its stead. Hopefully now properly correcting the clerical error:
>
> The court's May 21, 2019 ORDER in this case is VACATED. The court's ORDER of May 20, 2019 remains awarding attorney's

2

fees of $2,000, denying additional sums for sanction and ordering the parties to mediate with Brian Coleman. The payment of attorney's fees of $2,000 is sufficient to properly sanction Defendant. It is so ORDERED.

Appellant filed a notice of appeal on July 20, 2019.

Under the TCPA, a defendant may file a motion to dismiss claims based on the defendant's exercise of the right of free speech. Tex. Civ. Prac. & Rem. Code § 27.003. The trial court must rule on a TCPA motion to dismiss within 30 days of the hearing on the motion. Tex. Civ. Prac. & Rem. Code § 27.005(a). If the court does not rule within that time, the motion is denied by operation of law. Tex. Civ. Prac. & Rem. Code § 27.008(a). Once the motion is denied by operation of law, "the moving party may appeal." *Id*.; *see* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing appeal from interlocutory order denying motion to dismiss filed under section 27.003). Section 27.008(b) of the Texas Civil Practice and Remedies Code requires an appellate court to expedite an appeal from an order on a motion to dismiss under section 27.003 or trial court's failure to rule under section 27.005. Tex. Civ. Prac. & Rem. Code § 27.008(b). Because such an appeal is an accelerated appeal of an interlocutory order, a notice of appeal must be filed within 20 days of the date the motion is either ruled upon or denied by operation of law. *See* Tex. R. App. P. 28.1 (appeals from interlocutory orders are accelerated appeals); 26.1(b) (in accelerated appeal, notice of appeal must be filed within 20 days of judgment or order).

The trial court's fourth order of June 20, 2019, was timely. The hearing was held on May 20, 2019. The thirtieth day from that day was June 19, 2019, a state and county legal holiday which is not included in the computation of the deadline to rule on a TCPA motion to dismiss. *See* Tex. R. Civ. P. 4. Pursuant to the fourth

order, the second order of May 21, 2019, was vacated and the first order of May 20, 2019, which granted the TCPA motion to dismiss, was reinstated.

This court lacks jurisdiction to hear an interlocutory appeal of an order granting a motion to dismiss under section 27.003 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. Rem. Code § 51.014(a)(12); *Seekra Realty, LLC v. Garner Paving & Constr., Ltd.*, No. 14-18-00984-CV, 2019 WL 613530, at *1 (Tex. App.—Houston [14th Dist.] Feb. 14, 2019, no pet.) (mem. op.); *Fleming & Assocs. v. Kirklin*, 479 S.W.3d 458, 460–61 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Accordingly, we dismiss the appeal.[1]

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

---

[1] Appellant's motion for extension of time to file its brief and appellees' objection to that motion are therefore moot.