# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00806-CV

**Eureka Holdings Acquisitions, L.P., Appellant**

**v.**

**Marshall Apartments, LLC, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-16-005630, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## O P I N I O N

Appellant Eureka Holdings Acquisitions, L.P. sued appellee Marshall Apartments, LLC, seeking specific performance of a real-estate contract. Marshall filed counterclaims for tortious interference and breach of contract, breach of the original agreement, and breach of a settlement agreement. Eureka filed a motion to dismiss Marshall's counterclaims pursuant to the Texas Citizens Protection Act (TCPA). *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.

On July 31, 2019, the trial court signed an "Order on Plaintiff's Motion to Dismiss," granting the motion as to Marshall's counterclaim for tortious interference and dismissing that claim with prejudice but denying the motion to dismiss as to Marshall's other counterclaims. In the July order, the trial court noted that Eureka was entitled under the TCPA to attorney's fees and sanctions as to the dismissed claim and stated that those "amounts shall be

determined by subsequent order." Eureka then filed a letter with the trial court stating that it "will not appeal the Dismissal Order, although Plaintiff retains the procedural right to appeal [the trial court's] future order setting the amount of attorney's fees and sanctions that must be awarded to Plaintiff, if necessary."

On October 17, 2019, after holding a hearing on the matter, the trial court signed a "Subsequent Order on Attorney's Fees, Costs, and Other Expenses and Sanctions Awarded to Plaintiff Pursuant To Chapter 27 of the Texas Civil Practice and Remedies Code," awarding Eureka $6,345.42 in attorney's fees, plus additional fees in the event of a successful appeal, and $2,000 in sanctions.[1] On November 1, Eureka filed its notice of appeal, stating that it was appealing from "the Court's October 17, 2019 final ruling denying, in part, Plaintiff's Motion to Dismiss" pursuant to the TCPA.

Marshall has filed with this Court a motion to dismiss Eureka's appeal, asserting that the October 17 order on fees and expenses is not an appealable interlocutory order. We agree and will therefore dismiss Eureka's appeal for want of jurisdiction.

## DISCUSSION

"Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). "We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *Id.*; *see Pulliam v. City of Austin*, No. 03-17-00131-CV, 2017 WL 1404745, at *1 (Tex. App.—Austin Apr. 14, 2017, order) (per curiam) (dismissing interlocutory order granting TCPA motion and

---

[1] Eureka had sought $36,793.80 in fees related to the tortious-interference claim.

allowing interlocutory appeal from denial of plea to jurisdiction to continue). The TCPA provides that "[i]f a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action." Tex. Civ. Prac. & Rem. Code § 27.003(a). An interlocutory appeal may be taken from an order that "denies a motion to dismiss filed under Section 27.003," *id*. § 51.014(a)(12), but not from an order that grants a TCPA motion, *see Pulliam*, 2017 WL 1404745, at *1; *Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.); *Flynn v. Gorman*, No. 02-16-00131-CV, 2016 WL 4699198, at *1 (Tex. App.—Fort Worth Sept. 8, 2016, no pet.) (mem. op.); *Fleming & Assocs, L.L.P. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 887 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

Eureka argues that its time to appeal was triggered by the October order on attorney's fees, not the earlier July order ruling on the merits of Eureka's TPCA motion. Eureka cites for support a case in which our sister court stated that a "formal order of dismissal," to be appealable under the TCPA, "had to include the award of attorney's fees and sanctions." *Wilson v. Trevino*, No. 01-19-00441-CV, 2019 WL 3484422, at *3 (Tex. App.—Houston [1st Dist.] Aug. 1, 2019, no pet.) (mem. op.) (citing Tex. Civ. Prac. & Rem. Code § 27.009).[2] However, as another sister court has explained, "Nothing within the TCPA expressly prohibits the trial court

_____

[2] In that case, Wilson filed an interlocutory appeal from a letter by the trial court stating that it was granting the appellees' TCPA motions on most of Wilson's claims and that it would enter orders to that effect during a later hearing on TCPA attorney's fees. *Wilson v. Trevino*, No. 01-19-00441-CV, 2019 WL 3484422, at *1 (Tex. App.—Houston [1st Dist.] Aug. 1, 2019, no pet.) (mem. op.). The court of appeals dismissed the appeal for want of jurisdiction after concluding that the letter was not an "order" subject to appeal. *Id*. *3.

from timely ruling on the request for dismissal and later resolving issues relating to statutorily required attorney's fees and sanctions." *Leniek v. Evolution Well Servs., LLC*, No. 14-18-00954-CV, 2019 WL 438825, at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (mem. op.) (citing *DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 859-60 (Tex. App.—Fort Worth 2018, no pet.)).[3] We agree with the 14th Court's reading, as the wording of the TCPA allows a trial court to sign an order ruling on the merits of a TCPA motion—from which, in the event of a denial, an interlocutory appeal may be taken under section 51.014, *see* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12)—and then to resolve the issue of attorney's fees in a separate, later order.

Eureka's notice of appeal characterizes the trial court's October order as "denying, in part, Plaintiff's Motion to Dismiss Defendant's First Amended Counterclaim" pursuant to the TCPA, but the July order had already done so. The October order did not rule on the motion to dismiss but instead only made a determination of attorney's fees as to the partial granting of the motion. Indeed, the October order notes:

> By Order dated July 31, 2019, the Court granted the Motion to Dismiss in part and ordered that, pursuant to Section 27.005 of the Texas Civil Practice and Remedies Code, Defendant's Counterclaim for tortious interference was dismissed with prejudice. The Court further ordered that Defendant shall pay to Plaintiff court costs, reasonable attorney's fees, and sanctions, the amounts of which were to be determined by subsequent order.

The time to appeal from the trial court's partial denial of the TCPA motion to dismiss began to run on July 31, 2019, when the trial court signed its order addressing the merits of Eureka's

---

[3] In *Leniek*, the trial court signed an order granting a TCPA motion to dismiss but left the issue of attorney's fees pending, and the court of appeals held that because there is no right to appeal from the granting of a TCPA motion, the order was an unappealable interlocutory order. *Leniek v. Evolution Well Servs., LLC*, No. 14-18-00954-CV, 2019 WL 438825, at *1-2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (mem. op.).

motion. Eureka's notice of appeal was filed well beyond the deadline to appeal from the trial court's partial denial of the TCPA motion, and there is no statutory basis for an interlocutory appeal from the trial court's October order which only addresses attorney's fees for the partial granting of the motion to dismiss. Any challenges Eureka wishes to make to the sufficiency of the attorney's fee award can be brought on appeal after final judgment. *See Seekra Realty, LLC v. Garner Paving & Constr., Ltd.*, No 14-18-00984-CV, 2019 WL 613530, at *2 (Tex. App.—Houston [14th Dist.] Feb. 14, 2019, no pet.) (per curiam) (mem. op.); *see also Cavin v. Abbott*, No. 03-18-00073-CV, 2018 WL 2016284, at *2-4 (Tex. App.—Austin Apr. 30, 2018, pet. denied) (mem. op.).[4]

## CONCLUSION

Eureka did not file a timely appeal from the trial court's appealable order ruling on the merits of the TCPA motion to dismiss. Instead, it filed its notice of appeal complaining of a non-appealable interlocutory order. We therefore grant Marshall's motion and dismiss this attempted interlocutory appeal for lack of jurisdiction.

---

[4] In *Cavin*, after we reversed a trial court's denial of a TCPA motion and remanded the cause for a determination of attorney's fees, the Cavins attempted to appeal from the attorney's fees award while the case was still pending in the trial court, and we held that there was no right to an interlocutory appeal from an order awarding attorney's fees. *Cavin v. Abbott*, No. 03-18-00073-CV, 2018 WL 2016284, at *2-4 (Tex. App.—Austin Apr. 30, 2018, pet. denied) (mem. op.). Although the procedural posture of that case is different, the logic applies equally here.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed: February 6, 2020