**Appeal Dismissed and Memorandum Opinion filed February 14, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00899-CV

## DANIELA VILLARREAL, Appellant

## V.

## EGNA LEON AND JULIO LEON, Appellees

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-40942**

## MEMORANDUM OPINION

This is an attempted appeal from an order signed October 28, 2022. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

The order at issue dismissed with prejudice all of the claims appellant requested be dismissed pursuant to Section 27.003 of the Texas Civil Practice & Remedies Code, part of the Texas Citizens' Participation Act. Appellant also requested attorney's fees, costs, and sanctions pursuant to the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a). However, instead of awarding such relief to appellant, the order scheduled a hearing for a future date on that request. There has been no indication that appellant's request has been resolved as of the date of this order, thus there is no appealable final judgment. *See Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (per curiam). Moreover, the only statute which approaches authorizing an interlocutory appeal here solely authorizes appeals from the "deni[al of] a motion to dismiss filed under Section 27.003" of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12). However, the trial court granted appellant's request to dismiss all claims she wanted dismissed under the TCPA, and such an order is not normally appealable. *See Fleming & Assocs., L.L.P. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). The fact that the trial court did not immediately rule on appellant's request for monetary relief did not make the interlocutory order the "deni[al of] a motion to dismiss" that would be immediately appealable. *See Eureka Holdings Acquisitions, L.P. v. Marshall Apartments LLC*, 597 S.W.3d 921, 924 (Tex. App.—Austin 2020, pet. denied); *Leniek v. Evolution Well Servs., LLC*, No. 14-18-00954-CV, 2019 WL 438825, at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.). Accordingly, the trial court's order is an interlocutory one not subject to immediate appeal.

On January 26, 2023, notification was transmitted to the parties that the appeal was subject to dismissal for want of jurisdiction without further notice unless any party demonstrated this court had jurisdiction on or before February 6, 2023. *See*

Tex. R. App. P. 4.1(a), 42.3(a). No response was filed.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Wilson.