**Appeal Dismissed and Memorandum Opinion filed October 15, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-24-00650-CV

### JASON MILLON AND BRAYDEN MILLON, Appellant

### V.

### STEPHANIE ELIZABETH MINCHEW, CHERYL LYNNE MINCHEW, JOHN EDWARD MINCHEW, SHERRI LYNNE LYDAY, BLAKE JUSTIN LYDAY, AND KRISTA LYNNE GUTHRIE, Appellees

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2024-03565**

### MEMORANDUM OPINION

This is an attempted appeal from an order signed August 15, 2024 dismissing claims pursuant to the Texas Citizens' Participation Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and

unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

The order at issue dismissed with prejudice some of the claims advanced by appellants in the trial court proceeding, but not all of their claims. Moreover, the only statute which approaches authorizing an interlocutory appeal here solely authorizes appeals from the "deni[al of] a motion to dismiss filed under Section 27.003" of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12). By contrast, an order dismissing claims pursuant to the TCPA is not immediately appealable unless it constitutes a final judgment. *See Fleming & Assocs., L.L.P. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Accordingly, the trial court's order is an interlocutory one not subject to immediate appeal.

On September 20, 2024, notification was transmitted to the parties that the appeal was subject to dismissal for want of jurisdiction without further notice unless any party demonstrated this court had jurisdiction on or before September 30, 2024. *See* Tex. R. App. P. 42.3(a). No response was filed.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.