**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00130-CV**
_____

**LARRY MAXWELL, Appellant**

**V.**

**SIPRA BOYD, ET AL, Appellees**

_____

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 65589**
_____

**MEMORANDUM OPINION**

This appeal is before the Court on an opposed motion to dismiss for lack of jurisdiction. We conclude the trial court has not signed a final judgment and no accelerated appeal is available for an immediate review of the trial court's interlocutory orders. Accordingly, we dismiss the appeal for want of jurisdiction.

Background

Larry Maxwell sued Wildwood Property Owners Association, the members of its Board of Directors—John Ferguson, Danny Gilcrease, Thomas Hall, Michael

Heidemann, Larry Hodge, Barry W. Johnson, Jolynda Loeb, and Richard E. Mitchell—individually and in their official capacities, Wildwood's attorney—Sipra S. Boyd—individually and in her official capacity, and Boyd's law firm—Roberts Markel Weinberg Butler Hailey PC—which Maxwell incorrectly named as "RMWBH Law", for damages, declaratory relief, and injunctive relief, on claims for breach of contract for the construction of a dam, fraudulent misrepresentation, fraudulent inducement, statutory fraud, negligent misrepresentation, libel and defamation.

The defendants filed a combined motion to dismiss under the Texas Citizen's Participation Act (TCPA) and partial motion to dismiss pursuant to Texas Rule of Civil Procedure 91a. They argued Maxwell filed his lawsuit in response to a pre-suit demand letter that Boyd mailed to Maxwell on behalf of Wildwood in an exercise of the right to petition. They argued that Maxwell's claims against Boyd and the law firm were barred by the doctrine of attorney immunity and that Maxwell's claims against the Board Members were barred by charitable immunity. They argued Maxwell's defamation and libel claims lack a basis in fact because the letter was not published, the attorney and law firm are protected by attorney immunity, and the Board Members are protected by charitable immunity. They requested attorney's fees.

2

Maxwell filed a response to the motion to dismiss. He argued Boyd's demand letter was published to the Board Members and that his verified amended original petition established clear and specific evidence of a prima facie case for every element of his claims.

On March 13, 2025, the trial court signed two orders. In one order, the trial court granted the defendants' TCPA motion to dismiss. The trial court dismissed with prejudice all the claims Maxwell asserted against Sipra Boyd, John Ferguson, Danny Gilcrease, Thomas Hall, Michael Heidemann, Larry Hodge, Barry W. Johnson, Jolynda Loeb, Richard E. Mitchell, and Roberts Markel Weinberg Butler Hailey PC. The trial court dismissed the claims Maxwell asserted against Wildwood, "except for Plaintiff's breach of contract claim[.]" The trial court ordered that "Defendants are entitled to reasonable and necessary fees and costs necessitated by this Motion pursuant to Texas Civil Practice and Remedies Code Sec. 27.009[]" and ordered Defendants to submit their evidence on attorney's fees within 14 days.

The other order granted the Defendants partial motion to dismiss under Rule 91a. The trial court dismissed with prejudice all claims Maxwell asserted against Sipra Boyd, John Ferguson, Danny Gilcrease, Thomas Hall, Michael Heidemann, Larry Hodge, Barry W. Johnson, Jolynda Loeb, Richard E. Mitchell, and Roberts Markel Weinberg Butler Hailey PC. The trial ordered that "Plaintiff's sole remaining claim is his breach of contract against Wildwood Property Owners Association, Inc.

3

All other claims against Wildwood Property Owners Association, including claims of libel and fraud, are DISMISSED with prejudice." The trial court further ordered that "Defendants are entitled to reasonable and necessary fees and costs necessitated by this Motion pursuant to Texas Rule of Civil Procedure 91a[]" and ordered them to submit their evidence of attorney's fees and costs within 14 days.

Maxwell requested findings of fact and conclusions of law under Texas Rule of Civil Procedure 296. On April 25, 2025, the trial court signed findings of fact and conclusions of law. The trial court found, "In December 2023, Plaintiff Larry Maxwell, through his business, Earthloc, and Defendant Wildwood Property Owners Association (the 'Association') executed a construction contract in which Plaintiff would perform repair and modification work on Lake Kimble Dam in exchange for payment from the Association." The trial court found that the Board authorized Boyd, an Equity Shareholder in the law firm, "to send a legal demand letter to Plaintiff to immediately cease work on the Lake Kimble Dam and to remove his work materials from the worksite, excluding dirt purchased by the Association. The letter also preserved the Association's rights and remedies against Plaintiff going forward. The Association did not complete payments to Maxwell in accordance with its position that its contract with Plaintiff was breached by Plaintiff." The trial court found Maxwell filed his lawsuit in response to the demand letter. The trial court found its March 13, 2025, orders dismissed with prejudice Sipra

4

Boyd, John Ferguson, Danny Gilcrease, Thomas Hall, Michael Heidemann, Larry Hodge, Barry W. Johnson, Jolynda Loeb, Richard E. Mitchell, and Roberts Markel Weinberg Butler Hailey PC. The trial court found its March 13, 2025, orders "also dismissed all claims against Defendant Wildwood Property Owners Association except for Plaintiff's breach of contract claim. Finally, the Orders stated that Defendants were entitled to their reasonable and necessary attorney's fees and costs under the Texas Citizens Participation Act and Texas Rule of Civil Procedure 91a." The trial court found, "The Court has not awarded attorney's fees and costs to Defendants yet, and this item remains outstanding."

In its conclusions of law, the trial court included a conclusion of law that "Defendant Wildwood Property Owner's Association, Inc. is entitled to dismissal with prejudice of Plaintiff's claims of libel, fraud, breach of contract, and claims for injunctive relief." The trial court also concluded that the Defendants are entitled to reasonable and necessary attorney's fees under the TCPA and Rule 91a. The trial court concluded that the Defendants "are entitled to dismissal of Plaintiff's claim of libel arising from issuance of Sipra Boyd's demand letter[,]" "as Plaintiff's claim of libel against them has no basis in law or fact."

Motion to Dismiss Appeal

On April 7, 2025, Maxwell filed a notice of appeal. After Maxwell filed his brief, Appellees filed a motion to dismiss the appeal. They argue the trial court's

orders of March 13, 2025, are interlocutory orders and that no statute authorizes an accelerated appeal. In response, Maxwell argues that together the trial court's orders and findings of fact and conclusions of law demonstrate an intent to dispose of all claims. We disagree.

"A 'finding of fact' is '[a] determination by a judge ... of a fact supported by the evidence in the record.'" *In re M.S.*, 115 S.W.3d 534, 538 (Tex. 2003) (quoting Black's Law Dictionary 646 (7th ed.1999)). Here, the trial court did not find that Maxwell filed his breach of contract claim in response to Appellees' exercise of their right to petition. Quite the opposite, the trial court found that Maxwell's breach of contract claim had not been dismissed and that the award of attorney's fees had not been resolved. These findings are consistent with the language contained in the March 13 orders, which expressly provides Maxwell's breach of contract claim is not part of the dismissal and which expressly states that the award of attorney's fees would be resolved at a later date by separate order. The inclusion of the phrase "breach of contract" in a conclusion of law in findings of fact and conclusions of law which were separate from the signed orders does not alter the language within and effect of those orders, which we conclude are unequivocally interlocutory. *See In re Gillespie*, 124 S.W.3d 699, 703 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (en banc) (Findings of fact and conclusions of law explain the reasons for an order or judgment and they do not change the order or judgment.).

6

"[A] judgment rendered without a conventional trial on the merits is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). The two orders at issue here did not dispose of Maxwell's claim for breach of contract and reserved Appellees' recovery for attorney's fees to be decided later.

No statute explicitly provides for an accelerated appeal from an interlocutory order that grants a motion to dismiss under Chapter 27 of the Civil Practice and Remedies Code. *Fleming & Assocs., L.L.P. v. Kirklin*, 479 S.W.3d 458, 460 (Tex. App.–Houston [14th Dist.] 2015, pet. denied). Likewise, an order granting a motion to dismiss under Texas Rule of Civil Procedure 91a has not been designated as an appealable interlocutory order. *Gaff v. PHH Mortg. Corp.*, No. 02-24-00486-CV, 2025 WL 1478175, at *2 (Tex. App.—Fort Worth May 22, 2025, no pet. h.) (mem. op.).

We conclude the trial court's orders are interlocutory and no statutory authority allows for an accelerated appeal from an interlocutory order that grants a motion to dismiss under either Chapter 27 of the Civil Practice and Remedies Code or Rule 91a of the Texas Rules of Civil Procedure. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on August 13, 2025
Opinion Delivered August 14, 2025

Before Golemon, C.J., Johnson and Wright, JJ.