# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-21-00149-CV**
**NO. 03-21-00150-CV**

---

**Stacey Hammer, Appellant**

**v.**

**Wayne Morgan, J. Patrick Sutton, and David M. Gottfried, Appellees**

---

**FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-19-003962, THE HONORABLE JAN SOIFER, JUDGE PRESIDING**

---

---

**NO. 03-21-00151-CV**
**NO. 03-21-00152-CV**

---

**Raggio-Jesse Owens 2204, LLC, Appellant**

**v.**

**Wayne Morgan, J. Patrick Sutton, and David M. Gottfried, Appellees**

---

**FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-19-003962, THE HONORABLE JAN SOIFER, JUDGE PRESIDING**

---

NO.  03-21-00153-CV

**Raggio-Jesse Owens 2204, LLC, Appellant**

**v.**

**Wayne Morgan; J. Patrick Sutton; David M. Gottfried; Stewart Title of Austin, LLC;**
**Bockholt Realty, LLC; Brent Bockholt; and Susan Bockholt, Appellees**

**FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-19-003962, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING**

NO.  03-21-00154-CV
NO.  03-21-00155-CV
NO.  03-21-00157-CV
NO.  03-21-00158-CV

**Raggio-Jesse Owens 2204, LLC, Appellant**

**v.**

**Wayne Morgan; J. Patrick Sutton; David M. Gottfried; Stewart Title of Austin, LLC;**
**Bockholt Realty, LLC; Brent Bockholt; and Susan Bockholt, Appellees**

**FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-19-003962, THE HONORABLE JAN SOIFER, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Stacey Hammer and Raggio-Jesse Owens 2204, LLC (Raggio LLC), each appeal

from four trial court orders dismissing their claims against appellees Wayne Morgan;

J. Patrick Sutton; David M. Gottfried; Stewart Title of Austin, LLC; Bockholt Realty, LLC;

Brent Bockholt; and Susan Bockholt. Appellees have filed motions to dismiss the appeals for want of jurisdiction, arguing there is no final judgment. We agree and will dismiss these appeals for want of jurisdiction.

These appeals arise from two cases concerning the foreclosure and sale of real property.[1] In July 2019, Hammer sued Morgan, Sutton, and Gottfried. Raggio LLC, an entity Hammer controls, sued Morgan, Sutton, Stewart Title of Austin, Bockholt Realty, Brent Bockholt, and Susan Bockholt two months later. The cases were consolidated, and the defendants filed various motions to dismiss and for summary judgment. In March of 2021, Hammer and Raggio LLC filed nine notices of appeal challenging three of the district court's orders: (1) a March 2, 2020 order dismissing Hammer's claims against Gottfried under the Texas Citizens' Participation Act (TCPA); (2) a September 11, 2020 order granting summary judgment in favor of Sutton; (3) a December 11, 2020 order dismissing claims against Sutton and other defendants under Rule 91a; and (4) a March 11, 2021 "Amended Order on Dispositive Motions" that, among other things, dismissed the claims against Gottfried and Morgan under the Texas Citizens Participation Act and Rule 91a.[2]

---

[1] We detailed the factual background in one of our previous decisions involving the same dispute. *See Hammer v. Morgan*, No. 03-18-00042-CV, 2018 WL 3384690, at *1 (Tex. App.—Austin July 12, 2018, no pet.) (mem. op.). This case has been before this Court two additional times. *See In re Raggio-2204 Jesse Owens, LLC*, No. 03-18-00213-CV, 2018 WL 3384692, at *1 (Tex. App.—Austin July 12, 2018, orig. proceeding) (mem. op.); *Hammer v. University Fed. Credit Union*, Nos. 03-16-00262-CV & 03-16-264-CV, 2017 WL 1228871, at *1 (Tex. App.—Austin Mar. 30, 2017, no pet.) (mem. op.).

[2] Although each notice of appeal was assigned a separate cause number by this Court, the appeals arise from the same case and should have been brought as one appeal. *See Hammer*, 2017 WL 1228871, at *2 n.3 (observing that it was unnecessary for Hammer to file two notices of appeal).

Generally, "an appeal may be taken only from a final judgment." *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). A judgment is final for purposes of appeal "if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93. The district court's Amended Order on Dispositive Motions dismisses appellants' claims under the TCPA and Rule 91a and "defers determination of the amount of attorneys' fees and sanctions awarded to Defendants Wayne Morgan and David Gottfried for further hearing." *See* Tex. Civ. Prac. & Rem. Code § 27.009 (providing that court shall award reasonable attorney's fees and costs to prevailing party and may award sanctions); Tex. R. Civ. P. 91a.7 (providing that court may award prevailing party reasonable and necessary attorney's fees and costs). Because the district court expressly declined to dispose of those claims, we agree with appellees that there is no final judgment.[3] *See Farm Bureau Cnty. Mut. Ins. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (per curiam) (holding that summary judgment that did not dispose of claim for attorney's fees was not final judgment); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (same); *Melton v. CU Members Mtg.*, 586 S.W.3d 26, 36 (Tex. App.—Austin 2019, pet. denied) (same).

---

[3] Appellants argue that we must presume that the Amended Order on Dispositive Motions disposed of all pending claims. *See North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966). Under *Aldridge*, "any judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal." *Vaughn v. Drennon*, 324 S.W.3d 560, 561 (Tex. 2010) (per curiam). But the presumption does not apply when, as here, there has been no "conventional trial on the merits." *See Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009) (per curiam) ("[W]hen there has been no traditional trial on the merits, no presumption arises regarding the finality of a judgment." (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199–200 (Tex. 2001))).

In the alternative, appellants ask us to abate these appeals for the district court to resolve the pending claims. Rule 27.2 provides that an "appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. Additionally, an appellate court "must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." *Id.* R. 44.3. The pending claims for attorney's fees and costs are contested, and either side may adduce evidence in support of its position. Disposing of these claims would not be a ministerial or perfunctory act, nor would it require correction of "formal defects or irregularities in appellate procedure." *See id.* Under these circumstances, we conclude that abatement is inappropriate. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 787–88 (Tex. App.—Amarillo 2016, no pet.) (denying request to abate for resolution of pending claim for attorney's fees under TCPA); *Garcia v. Commissioners Ct. of Cameron Cnty.*, 101 S.W.3d 778, 786 (Tex. App.—Corpus Christi 2003, no pet.) (concluding rules 27.2 and 44.3 do not allow appellate courts to "abate an appeal while there are significant issues yet to be determined by the trial court").

We deny appellants' motion to abate and grant appellees' motion to dismiss.[4] We dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

---

[4] All other pending motions are dismissed as moot.

5

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Dismissed for Want of Jurisdiction

Filed:   October 1, 2021